517 So.2d 276 (1987)
In the Matter of the SUCCESSION OF Frances Doyle WATSON.
No. CA 86 1064.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*277 Doris Gates Rankin, Baton Rouge, for John Milton Watson.
John A. Mouton, III, Lafayette, and E. Clark Gaudin, Baton Rouge, for Laurie A. Watson, et al.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
CHIASSON, Judge.
This is an appeal from a judgment of the trial court ordering the executor to post security in the amount of $30,000.00 within ten (10) days from service of the order.
The appellant, John Milton Watson, is the testamentary executor of the Succession of Frances Doyle Watson. The decedent left an olographic will in which she bequeathed the forced portion of her estate to her daughter, Sylvia Watson; her son, John Earl Watson; and her granddaughter, Laurie Watson. Sylvia and John Earl Watson are children of decedent's marriage to John Milton Watson, her surviving spouse, testamentary executor and appellant herein. Laurie Watson is the only child of Sidney Watson, a predeceased son by appellant. The decedent left the disposable portion of her estate to appellant and gave him a usufruct for life over the forced portion. She also named appellant as executor of her estate and relieved him of the obligation of furnishing security.
The decedent's will was admitted to probate. Subsequently, Sylvia and Laurie Watson filed a petition seeking to compel appellant, as the executor of the estate, to furnish security. After hearing, the trial court rendered judgment ordering appellant to post security in the amount of $30,000.00. Appellant has perfected this appeal.
The primary question is whether appellant can be compelled to furnish security, even though in her will the decedent dispensed with the requirement that he furnish security. The olographic will provided as follows: "I hereby name, appoint and constitute my husband, John Milton Watson, executor of this will, with seizin of my estate from the moment of my death, and dispense him from furnishing security."
The trial court held that La.C.C.P. art. 3154 is mandatory in nature, requiring only a finding that the applicant for security is a forced heir; thereafter the discretion afforded the trial court is in determining the amount of security. Appellees/petitioners in this case are the daughter and granddaughter of the decedent. Appellee Laurie A. Watson's father predeceased his mother, the decedent, and therefore represents her father in the succession under La.C.C. art. 822. Appellees are forced heirs under the provisions of La.C.C. arts. 1493 and 1495.
We agree with the trial court. Although decedent dispensed with the requirement that the executor of her estate furnish security, La.C.C.P. arts. 3153-3155 are applicable. Article 3153 of the Code of Civil Procedure provides that a person named by the testator as executor is not required to furnish security except when required by the testament or as provided *278 in Articles 3154 through 3155. La.C.C.P. art. 3154 provides that:
Forced heirs and the surviving spouse in community of the testator may compel the executor to furnish security by an ex parte verified petition therefor. If the court finds that the petitioner is a forced heir, or the surviving spouse in community, it shall order the executor to furnish security, within ten days of the service of the order, in an amount determined by the court as adequate to protect the interest of the petitioner.
The trial court correctly found that the petitioners in this matter are forced heirs and are therefore entitled to compel the executor to furnish security. It is immaterial to the case sub judice that the executor is also the surviving spouse in community and thus a usufructuary. Art. 3154 provides authority for the forced hier to compel the surviving spouse acting in the position of executor to furnish security, even though the forced heirs (as issue of the marriage between surviving spouse and decedent) may not be able to compel the surviving spouse in the position of usufructuary to provide security. See La.C.C.P. art. 3154.1. The right of the forced heirs to compel the executor to furnish security is not abrogated simply by virtue of the executor also being a usufructuary who may not be required to do so.

DECREE
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.