521 So.2d 491 (1988)
Sylvester WILLIAMS
v.
AVONDALE INDUSTRIES, INC.
No. CA-8646.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Frank A. Bruno, Bruno & Bruno, New Orleans, for plaintiff-appellee.
Joseph J. Lowenthal, Jr., Jones, Walker, Waechter, Poitevent, Carrere and Denegre, New Orleans, for defendant-appellant.
Before BYRNES, WARD and WILLIAMS, JJ.
BYRNES, Judge.
By this appeal, Avondale Industries, Inc. asserts that the trial court erred by awarding Sylvester Williams worker's compensation benefits. We disagree and affirm.

FACTS
On June 5, 1985, Williams injured his left knee while working in the course and scope of his employment as a metal pourer and forklift operator for Avondale. He was subsequently treated by Dr. Johnson, an orthopedic surgeon, who assigned him a temporary total disability. Williams was later given compensation benefits for this disability totalling $219.47 per week retroactive to June 5, 1985. This amount reflects two-thirds of his average weekly wage of $329.00 at $8.23 per hour.
On March 5, 1986, Dr. Johnson examined Williams and found him able to return to work as a forklift driver, but restricted him from work activities requiring prolonged standing or heavy lifting. Avondale then offered Williams a new position as a forklift operator which paid $7.64 per hour. On April 14, 1986, Williams attempted to return to work at Avondale in this new position, but left at the end of the day complaining to his foreman of swelling and pain in his left knee. Because of the pain he allegedly felt when operating the forklift's clutch, Williams refused to return to work as a forklift driver. Dr. Johnson examined Williams almost a month later *492 and concluded that he was still physically able to operate a forklift. Worker's compensation benefits were terminated as of April 14, 1986.
Williams later sued Avondale for supplemental earnings benefits which he claimed were due to him. The trial judge considered the testimony of Williams and the deposition testimony of Dr. Johnson. He also considered the deposition of Dr. Seltzer, who began treating Williams shortly after his abortive attempt to return to work. The court granted judgment in favor of Williams "... for supplemental earnings benefits at a rate of $219.97 a week from April 14, 1986 to the present date and continuing until further order of this court or the Director ...". This appeal followed.

ASSIGNMENTS OF ERROR
By its first assignment of error Avondale asserts that the trial court erred in finding that Williams was entitled to supplemental earnings benefits. We disagree. In order to be entitled to these benefits, a claimant must be unable to earn 90% or more of the wages he received at the time of his injury. R.S. 23:1221(3). The claimant must prove this fact by a preponderance of the evidence. Gaspard v. St. Paul Fire & Marine Insurance Co., 483 So.2d 1037 (La.App. 3rd. Cir.1985). In determining whether Williams has made out a prima facie case of entitlement to supplemental earnings benefits, we must determine if the evidence was sufficient to prove that he was unable to earn the requisite percentage of his pre-injury wages.
In the present case, Williams testified at trial that in his capacity as a forklift driver, he operated two types of lift machines on a daily basis. One was a carrier crane which was fitted with a boom and the other was a conventional forklift. He testified that both machines utilized a clutch which required the use of his left leg. Williams further stated that depressing the clutch caused pain to his knee. When asked if Avondale had any lift machines which were automatic and did not require the use of a clutch, Williams responded that there was one, but it was no longer operable. Williams also testified that he walks with difficulty and takes pain medication on a regular basis.
Dr. Seltzer, an orthopedic surgeon who examined Williams two times prior to being deposed, stated that he found objective evidence of disability to the knee in the form of grating or noise in the retropatella region. Based on this finding and the fact that Dr. Johnson had previously performed surgery to remove fragments of cartilage from the knee area, it was Dr. Seltzer's opinion that Williams should avoid operating any kind of machinery which required the left foot for the use of a foot control.
In rebuttal of this evidence Avondale submitted the deposition of Dr. Johnson, who testified that in August 1985, he performed an arthroscopy diagnostic exam on Williams which revealed an osteochondral fracture of the medial femoral condyle of the left knee. In connection with this surgical procedure, Dr. Johnson also performed on abrasion chrondroplasty of Williams' left knee. Subsequently Williams underwent physical therapy for several months. Dr. Johnson testified that after the examination on March 5, 1986 revealed that full range of motion had been restored to the knee, he concluded that Williams could perform the duties of a forklift operator. Dr. Johnson stated that he reached this conclusion after discussing the duties of a forklift operator with Williams. Dr. Johnson also testified that his examination of Williams on May 13, 1986, revealed no swelling to the knee and presented no reason why Williams should not return to work as a forklift operator.
Having carefully reviewed the record before us, we cannot say that the trial court erred in finding that Williams proved by a preponderance that he was unable to earn 90% or more of the wages he received at the time of his injury. While the two medical experts disagreed on whether Williams was physically able to operate a forklift, both admitted they had no knowledge of the foot control utilized on forklifts. More importantly, both experts agreed that if using a foot control caused pain, they *493 would not recommend that Williams pursue this activity.
The trial court heard Williams testify extensively as to the nature of his injury and its effect on his ability to manipulate the foot controls of a forklift. Avondale nonetheless argues in brief that Williams' testimony should have been given less weight because of apparent contradictions between his trial testimony and his prior deposition testimony. The trial court had ample opportunity to judge Williams' credibility and must have concluded that his testimony concerning his inability to operate a forklift was truthful, despite the alleged inconsistences. We have reviewed the testimony and find that the inconsistencies central to the litigation were adequately explained by Williams at trial. We reach this conclusion in light of Williams' limited education and his inability to clearly articulate his understanding of the forklift's control mechanisms.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
By its second assignment of error Avondale assert that the trial court erred in computing Williams' supplemental earnings benefits because the court did not determine the amount Williams was capable of earning. We disagree. Pursuant to R.S. 23:1221(3)(a), a disabled employee who is unable to earn wages equal to ninety percent or more of the wages earned at the time of injury is entitled to supplemental earnings benefits "equal to sixty-six and two-thirds percent of the difference between the average monthly wage at the time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self employment...". Paragraph (3)(c)(i) of R.S. 23:1221 further provides that:
Notwithstanding the provisions of Subparagraph (b) of this Paragraph for purposes of Subparagraph (a) of this Paragraph if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
The employer bears the burden of proving the applicability of this provision, which sets the minimum wages an employee may be found capable of earning. Gaspard v. St. Paul Fire and Marine Insurance Co., supra. To do so, the employer must show that the employee is physically capable of work and that such work was offered to the employee or is available to him in his or the employer's community or reasonable geographic region.
In the present case, Avondale offered Williams a job which it considered Williams was capable of performing. Williams attempted to perform this job and resume his duties as a forklift operator, but was prevented from doing so because of the substantial pain he experienced when manipulating the forklift's foot clutch. R.S. 23:1221(3)(c)(ii) is applicable in the present case and provides:
(ii) For purposes of Subsubparagraph (i) of this Subparagraph if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee cannot perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment.
In our opinion, Williams established by clear and convincing evidence that solely as a consequence of substantial pain to the left knee, he was incapable of performing the employment offered. As noted above, Williams returned to work as a forklift driver but because of swelling and pain he *494 experienced as a result of depressing the forklift's clutch, he was unable to resume work. Williams also testified that he found walking painful and was taking pain medications prescribed by Dr. Seltzer. The pain he related was not inconsistent with the medical findings of Dr. Seltzer which revealed grating or noise in the retropatella region of the knee.
Pursuant to R.S. 23:1221(3)(a) Williams is, therefore, entitled to supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wage at the time of injury ($1316.00) and average monthly wages earned or average monthly wages the employee is able to earn. As discussed above, Avondale failed to show that Williams was physically capable of the work offered. Moreover, Avondale did not even attempt to show the availability of other work which Williams was capable of performing. We therefore conclude that the amount of wages he was able to earn was zero. R.S. 23:1221(3)(a). Accordingly, Williams is entitled to supplemental earnings benefits equal to $219.47 per week, the amount awarded by the trial court, until it is shown that a job is available to Williams which he is capable of performing.
Judgment of the trial court is affirmed. Costs of this appeal are assessed against Avondale.
AFFIRMED.