624 So.2d 1201 (1993)
SUCCESSION OF Beatrice Asprion TERRY.
No. 92-CA-3155.
Supreme Court of Louisiana.
September 10, 1993.
Dan A. Smetherman, Dale C. Wilks, Richard P. Ieyoub, Atty. Gen., Melinda M. Tucker, for applicant.
Charles E. McHale, Jr., Rene Lehmann, for respondent.
Ivor A. Trapolin, Miles G. Trapolin, for Hibernia Nat. Bank, amicus curiae.
Steven O. Medo, Jr., Charles E. Bruneau, for Carol V. Jurisich amicus curiae.
Dominic N. Varrecchio, Counsel for Max Nathan, Jr., Donna J. Burmat, Laurie J. Henderson, Peter Jurisich, Alan Jurisich, Linda M. Mollere, Steven Jurisich amicus curiae.
Vincent T. LoCoco, Frederick W. Swaim, Jr., for Patricia Vivian M. Brooks amicus curiae.
Sidney M. Blitzer, for Sidney M. Blitzer, Jr. amicus curiae.
DENNIS, Justice.[*]
The plaintiff brought this suit attacking the constitutionality of Civil Code article 1493, as amended in 1989 and 1990, and to be recognized as the sole forced heir of the decedent and to be placed into possession of the forced portion of the decedent's estate. Prior to 1989 all children were forced heirs, unless disinherited for cause, and were entitled to receive an equal share of the forced portion of their decedent's estate. In 1989 and 1990, the legislature amended Civil Code article 1493 to extinguish the right of forced heirship for persons competent and twenty-three years of age on the date of their decedent's death. The plaintiff was competent and twenty-three years of age or older at the time of the decedent's death on May 30, 1991.
After considering the law and the evidence, the trial court declared that Civil Code article 1493, as amended in 1989 and 1990, is unconstitutional because it violates Article I, § 3 of our state constitution, which prohibits arbitrary, capricious, and unreasonable discrimination against a person because of age. The trial court rejected the plaintiff's argument that the statute was unconstitutional *1202 under Article XII, § 5 of our state constitution because it abolishes forced heirship. Applying the law preexisting the unconstitutional amendments to Civil Code article 1493, the trial court decreed that the plaintiff, as sole forced heir, is entitled to an undivided one-fourth forced portion of the decedent's estate. This appeal followed.
Today this court decided in Succession of Lauga, 624 So.2d 1156 (La.1993) that Civil Code article 1493, as amended in 1989 and 1990, is unconstitutional because it violates Article XII, § 5 of the 1974 Louisiana Constitution, which declares that no law shall abolish forced heirship; and that it is unnecessary for this court to consider whether the statute is also unconstitutional as a law which discriminates against a person because of age in violation of Article I, § 3 of our state constitution.
Consequently, we conclude that the trial court in the present case reached correct results, first by concluding that Civil Code article 1493, as amended in 1989 and 1990, is unconstitutional, and, second, by applying the law in effect prior to the invalid amendments. But the trial court's rationale and declarations are partially incorrect and inconsistent with our decision in Succession of Lauga. Accordingly, for the reasons assigned in Succession of Lauga, supra, the judgment of the trial court is amended to declare amended Article 1493 unconstitutional under Article XII, § 5 of our state constitution, without reaching the challenge based on Article I, § 3. In all other respects the judgment of the trial court is affirmed.
AMENDED and AFFIRMED.
MARCUS, HALL and KIMBALL, JJ., dissent for the reasons assigned in Succession of Lauga.
NOTES
[*] Watson, J., not on the panel. Rule IV, Part 2, § 3. Marcus J. dissents for reasons assigned in my dissent in Succession of Lauga.