640 So.2d 730 (1994)
Kala RACHAL, Plaintiff-Appellee,
v.
CROWN STORE EQUIPMENT CO., et al., Defendants-Appellants.
No. 93-1602.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*731 Daniel Elmo Broussard, Jr., Alexandria, for Kala Rachal.
Bradley John Gadel, Alexandria, for Crown Store Equipment Co., et al.
Before GUIDRY, C.J., and YELVERTON and WOODARD, JJ.
WOODARD, Judge.
In this workers' compensation case, defendants appeal a judgment awarding plaintiff compensation for permanent total disability and attorney's fees. Plaintiff answered the appeal and asserts the trial judge erred in not assessing statutory penalties against the defendant.

FACTS
On October 6, 1986, Kala Rachal, who was employed by Crown Store Equipment Co., injured her right wrist while lifting a showcase in the course and scope of her employment. Shortly after the accident, she began to lose feeling in her hand and experienced decreasing grip strength. Dr. Ray J. Beurlot, Jr., an orthopedic surgeon, diagnosed Ms. Rachal as having carpal tunnel syndrome and performed a carpal tunnel release on her right wrist on October 20, 1986. Despite the carpal tunnel release and subsequent removal of a ganglion cyst in her right wrist, she was still experiencing the same symptoms. Ms. Rachal was subsequently referred to Dr. Ladislas Lazaro, an orthopedic surgeon, who performed a fusion of her right wrist with a bone graft on April 9, 1991. Dr. Lazaro released Ms. Rachal to light duty work on November 6, 1991. However, as a result of this surgery, Ms. Rachal, who is right-handed, has very limited movement and usefulness of her right hand.
Defendants paid Ms. Rachal $146.07 in workers' compensation benefits every two weeks from the time of her injury until October 19, 1992, when Dr. Lazaro provided them with a written report, advising that he placed no specific restrictions on her activities. Subsequently, she filed suit against Crown *732 Store Equipment Co. and Revco, D.S., Inc. for benefits. The case was tried on June 17, 1993 and judgment was entered on July 14, 1993, awarding Ms. Rachal compensation for permanent total disability and attorney fees.
Defendants appeal and assert the following assignments of error: The trial court erred (1) in finding plaintiff is permanently and totally disabled; and, (2) in awarding plaintiff attorney's fees based on the finding that termination of benefits was arbitrary and capricious. Plaintiff answered the appeal and asserts the trial court erred in not awarding her statutory penalties.

DISABILITY
In claiming a permanent total disability, the plaintiff must prove by clear and convincing evidence her inability to engage in any gainful occupation. La.R.S. 23:1221(2)(c). The plaintiff may rely on medical and lay testimony. Simpson v. Kresge Co., 389 So.2d 65 (La.1980). Once the trial court has made a factual finding as to disability, this determination is entitled to great weight and is not to be disturbed except upon a showing of manifest error. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La. 1993). After reviewing the record, we find the trial court was manifestly erroneous in finding that plaintiff is permanently and totally disabled. A workers' compensation claimant is not entitled to permanent total disability benefits when her treating physician releases her to return to light duty work. Tassin v. Cigna Insurance Company, 583 So.2d 1222 (La.App. 3 Cir.1991). The uncontradicted medical evidence establishes that Dr. Lazaro released Ms. Rachal to light duty work on November 6, 1991.
We find, however, that Ms. Rachal is entitled to an award of supplemental earnings benefits (SEB). To qualify for SEB, a claimant must prove by preponderance of the evidence that a work related injury resulted in her inability to earn wages equal to 90% or more of her wages at the time of injury. Clark v. Welex, a Halliburton Co., 517 So.2d 1186 (La.App. 3 Cir.1987), writ denied, 521 So.2d 1170 (La.1988). Since it is undisputed that Ms. Rachal is unemployed, the burden is on the employer to show that she is physically capable of performing employment which is offered or available. LA.R.S. 23:1221(3)(c)(i).
Defendants attempted to meet this burden through the testimony of Suzanne Douglas, a vocational rehabilitation expert, hired by the defendants to conduct a labor market survey. Ms. Douglas submitted potential jobs that she opined Ms. Rachal could do with her disability. However, Ms. Douglas admitted that she never met with Ms. Rachal and that if she were to assist Ms. Rachal to find available employment, she would need to meet with her. Ms. Douglas could not even offer the likelihood of Ms. Rachal actually getting these jobs.
Additionally, Mr. Leonard Michiels, a vocational rehabilitation expert, rebutted the availability of the jobs Ms. Douglas had submitted. He testified that a test he administered to Ms. Rachal revealed that she has a seventh grade reading level, a fifth grade arithmetic level and a fourth grade spelling ability and that considering Ms. Rachal's educational functioning level and the severe disability to her favored hand, at best, she would only have a three to four chance out of ten in getting the jobs.
Therefore, Ms. Rachal is entitled to supplemental earnings benefits equal to sixty-six and two-thirds (662/3) percent of the difference between the average monthly wage at time of injury and the average monthly wages that she is able to earn. La.R.S. 23:1221(3)(a). Since defendants failed to prove Ms. Rachal was offered a job or that one was available to her, the amount of wages she was able to earn was zero. We will award plaintiff, Kala Rachal, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between her average monthly wage at time of injury and the average monthly wages she is able to earn from October 19, 1992 until it is shown that a job, which she is capable of performing, is available to her. Williams v. Avondale Industries, Inc., 521 So.2d 491 (La.App. 4 Cir. 1988).

ATTORNEY'S FEES AND PENALTIES
The defendants owe attorney's fees only if they were arbitrary and capricious in *733 terminating the plaintiff's benefits. La.R.S. 23:1201.2. An employer is arbitrary and capricious in terminating benefits if the medical evidence was clear and uncontradicted that the employee was at least partially disabled. Watson v. Amite Mill. Co., Inc., 560 So.2d 902 (La.App. 1 Cir.1990), writ denied, 567 So.2d 614 (La.1990). Mr. Mark Goldich, an insurance adjuster for Crawford & Company assigned to handle Ms. Rachal's claim on behalf of the defendants, testified that the sole basis for terminating benefits was a report from Dr. Lazaro dated September 3, 1992. However, Dr. Lazaro stated in this report that:
"[S]he has had a wrist fusion and no longer has flexion, extension or radial or ulnar deviation of that wrist on a permanent basis.... Perhaps rehabilitation, and consultation might make what she can and what she cannot do on the basis of her loss of motion, as it relates to her wrist fusion which comes about as a result of her injury."
Thus, the medical evidence is clear and uncontradicted that Ms. Rachal was at least partially disabled. As such, the employer is not justified in terminating benefits, absent a genuine dispute as to causation. Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363 (La.App. 3 Cir.1985). In the case sub judice, there is no dispute. The defendants even admit in their appellate brief that this "[W]orkers' compensation lawsuit arises out of a work-related injury sustained by Kala Rachal...." Thus, we find the trial court was not manifestly erroneous in awarding plaintiff $3,000 in attorney's fees.
If the benefits are terminated in spite of uncontradicted medical testimony evincing disability, then penalties may be assessed. Watson, supra. For the reasons stated above, we find the trial court was manifestly erroneous in not assessing statutory penalties. Thus, we conclude that a penalty of 12% of the total amount due is owed by defendants to plaintiff. La.R.S. 23:1201(E).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed to award plaintiff supplemental earnings benefits from October 19, 1992 until it is shown that a job which she is capable of doing is available to her. The judgment is also reversed to award plaintiff statutory penalties of 12% of all workers' compensation benefits due from October 19, 1992 through the date of this judgment. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendants.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.