h SAUNDERS, Judge.
In this workers’ compensation dispute, plaintiff appeals the hearing officer’s determination that she is no longer entitled to supplemental earnings benefits (SEB). We affirm.

FACTS

The following facts have been jointly stipulated. Claimant was a custodian at Northwestern State University earning $165.00 a week (or $4.21/hour) when she slipped and fell on stairs on August 7, 1988, following which she received temporary total disability benefits until August 27, 1990. After this date, her temporary total |2disability benefits were converted to SEB based on her treating physician’s “statement that claimant had reached maximum medical improvement and could return to work.” Claimant was referred to a vocational rehabilitation consultant when, on September 25, 1991, she was notified of several employment opportunities within her physical limitations paying $4.25 an hour, an amount greater than the $4.21 an hour she had been paid as custodian. The positions located by the vocational rehabilitation firm were approved by claimant’s treating physicians, Drs. Sandifer and Goodman. Plaintiffs SEB benefits of $110.00 per week were terminated by the employer October 10, 1991, based on its allegation that “work existed in the community which claimant could do.” The hearing officer concluded that the employer was reasonable in doing so after specifically finding claimant “capable of returning to gainful employment at a wage equivalent or greater than her pre-injury wage.”
Appealing this conclusion, plaintiff maintains that her efforts to obtain the listed positions were unfruitful. She points out that most of the jobs identified by the vocational consultant were no longer vacant when she applied, while her physical history disqualified her for the others. She makes this argument notwithstanding the long delays between her being informed of the positions and her pursuit of them. The positions were approved by Drs. Sandifer and Goodman on September 10, 1991. Although claimant was notified of the positions in September 1991, the evidence shows that she did not make the effort to obtain these positions until much later. Claimant applied for the dry cleaner’s counter position December 6, 1991 and August 3, 1992, but waited until December 6, 1991 to apply for substitute teacher work, and until August 1992 to take steps to secure the general merchandise sales and fitting room sales positions.
IgLa.R.S. 23:1221, Temporary total disability; permanent total disability; supplemental earnings benefits; permanent partial disability; schedule of payments Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
[[Image here]]
(3) Supplemental earnings benefits.
(a) For injury resulting in the employee’s inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupa *819 tion as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed as four and three-tenths times the wages as defined in R.S. 28:1021(10). (b) For purposes of Subparagraph (3)(a), of this Paragraph, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sums actually received by the employee, including, but not limited to, earnings from odd-lot employment, sheltered employment, and employment while working in any pain. (e)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee’s or employer’s community or reasonable geographic region.
La.R.S. 23:1221(3) (emphasis added).
RThe question is whether employment indeed was available to claimant in her geographic region which entitled her employer to terminate SEB benefits. More specifically, because the record does not contradict the hearing officer’s conclusions that the positions in fact were available, the true question is whether an employee who fails to establish her physical incapacity to perform positions demonstrated by the employer may rebut the availability of employment based on her inability to secure the jobs several months after they were made known to her.
The employee bears the burden of proving by a preponderance of the evidence that she is unable to earn wages equal to 90% of her pre-accident wages. Smith v. Louisiana Dept. Of Corrections, 93—1305 (La. 2/28/94), 633 So.2d 129; Tassin v. Cigna Ins. Co., 583 So.2d 1222 (La.App. 3 Cir.1991). If the claimant succeeds in doing so, the employer bears the burden of proving the availability of employment under La.R.S. 23:1221(3)(c). Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Captain v. Sonnier Timber Co., 503 So.2d 689 (La.App. 3 Cir.1987). The employer may do so by finding work for the employee or by demonstrating the general availability of employment physically suitable to the employee and “which is proven available to the employee in the employee’s or employer’s community or reasonable geographical area.”
To show available employment in the employee’s geographical area, it is not uncommon for the employer to produce as evidence a job market survey with positions allegedly found possessing the required geographical and physical work requirements required by La.R.S. 23:1221(3). However, the mere production of a labor market survey does not satisfy the employer’s burden of proving job availability. Hickman v. Allstate Timber Co., 94—1275 (La.App. 3 Cir. 4/5/95), 653 So.2d 154, writ denied, 95-1133 (La. 6/23/95), 656 So.2d 1017; Hopes v. Domtar 15Industries, 627 So.2d 676 (La.App. 3 Cir. 1993). Additionally, any success the employer may have in demonstrating job availability is subject to rebuttal, whether by medical or vocational evidence, or by claimant’s own testimony. See, e.g., Rachal v. Crown Equipment Co., 93—1602 (La.App. 3 Cir. 6/1/94), 640 So.2d 730; Romero v. Grey Wolf Drilling Co., 594 So.2d 1008 (La.App. 3 Cir.1992), comparing Kreider v. Schulin’s Appliance Service, 524 So.2d 153 (La.App. 4 Cir.1988) and Batiste v. Hopeman Bros., Inc., 508 So.2d 922 (La.App. 4 Cir.), writ denied, 512 So.2d 1178 (La.1987); Williams v. Avondale Industries, Inc., 521 So.2d 491 (La.App. 4 Cir.1988). Thus, such theoretically available positions may be and frequently are defeated *820 by a claimant’s demonstrating that the positions are in fact unavailable. See Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La.1993).
In a workers’ compensation case, as in other cases, the appellate court’s review is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La. 1992). A court of appeal may not set aside a trial court’s or a jury’s finding of fact in absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart v. State Through DOTD, 617 So.2d 880, 882 (La. 1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987); Rosell, supra; Stobart, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, supra; Arcen-eaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Stobart, supra.
Freeman v. Poulan/Weed Eater, 93—1530 (La. 1/14/94), 630 So.2d 733, 737-38. The manifest error rule governs, even when the evidence presented consists solely of stipulations and documentary evidence. Virgil v. American Guar. & Liability Ins., 507 So.2d 825 (La.1987).
|(;In this ease, the hearing officer concluded that claimant’s introduction of stale evidence did not measure up. Under the circumstances, we see no basis for reversing the conclusion reached by the hearing officer.[1]
First, we find no manifest error in the hearing officer’s conclusion that positions were available to claimant at her pre-injury wages. The positions suited for claimant that were identified included: substitute teacher with the local school board; manager-trainee position with an unspecified financial institution allegedly available through the state job office; a position in jewelry sales allegedly available through the same state office; a fitting room sales clerk position at the local Wal-Mart; and a dry cleaner counter attendant. Each of these positions were approved by claimant’s physicians, and there is nothing in the record to rebut these conclusions.
Second, we cannot say the hearing officer erred in determining that claimant failed to rebut her employer’s case. While it is true that claimant applied for each of the suggested positions and proved that none was, in fact, available when she did so, her argument loses its force by the fact that she waited an unreasonable amount of time before applying for the positions.
While job availability once shown by the employer may be rebutted by the claimant, Romero, 594 So.2d 1008, once the employer makes its showing, it becomes incumbent upon the claimant to do so with credible and when essential, contemporaneous, evidence.
UFor the foregoing reasons, the judgment of the hearing officer is affirmed at claimant’s costs. Based upon the evidence before it, the hearing officer was not clearly wrong in concluding that the employer carried its burden of proving that claimant was physically able to perform jobs available in her community, and that claimant failed to rebut the employer’s evidence with even remotely contemporaneous evidence to the contrary.
AFFIRMED.
Had plaintiff applied to Mrs. George for the job with Southern Siding in advance of trial as a result of learning of the opening through Mr. Durlacher's deposition, and had he been turned down, evidence of that fact would no doubt have weighed heavily in the trial court's decision.

. In accord, Romero v. Grey Wolf Drilling Co., 594 So.2d at 1013: