692 So.2d 1152 (1997)
Succession of Lottie Lou Paul PRICE.
No. 96-1330.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
Richard E. Lee, Pineville, for Evelyn Price McCann, et al.
Walter M. Hunter, Jr., Alexandria, for Kimberly P. Dryden, et al.
Before COOKS and PETERS, JJ., and BABINEAUX,[1] J. Pro Tem.
PETERS, Judge.
Kimberly P. Dryden and Michael Andrew Price, hereinafter referred to as the appellants, brought this action in their deceased grandmother's succession to oppose the proposed distribution of her entire estate to their aunt and uncle, Evelyn Faye Price McCann and Randy L. Price, the appellees herein. After a hearing, the trial court rejected their opposition, and they have appealed.

DISCUSSION OF THE RECORD
The facts giving rise to this litigation are not in dispute. Lottie Lou Paul Price died on February 5, 1996, in Rapides Parish, Louisiana. She was survived by two of her three children, Evelyn Faye Price McCann and Randy L. Price. Her third child, William Andrew Price, predeceased her, and he was survived by two children, Kimberly P. Dryden (born June 6, 1970) and Michael Andrew Price (born October 13, 1966). At the time *1153 of their grandmother's death, the appellants were both over the age of twenty-three and suffered from neither mental incapacity nor physical infirmity that would render them incapable of taking care of themselves or administering their estates.
On August 4, 1990, Lottie Lou Paul Price executed a Last Will and Testament in statutory form which reads in part as follows:
In accordance with the provisions of LSA C.C. Article 1495, as amended, if my grandchildren, KIMBERLY PRICE DRYDEN and MICHAEL A. PRICE, have attained the age of 23 at the time of my death, then I will and bequeath all the property of which I die possessed to my son, RANDY L. PRICE and my daughter, EVELYN FAYE PRICE McCANN, to share and share alike.
Should the provisions of LSA C.C. Article 1495, as amended, be declared unconstitutional or invalid, then in that event, I direct that the allowed disposable portion be given to RANDY L. PRICE and EVELYN FAYE PRICE McCANN, share and share alike.
Assuming La.Civ.Code art. 1495 to be valid, the effect of this language was to disinherit the appellants. On June 24, 1996, pursuant to an application by Evelyn Faye Price McCann, the trial court issued an order admitting the will to probate. Thereafter, the appellees petitioned the trial court for possession of the decedent's estate in accordance with the terms of the will. This petition for possession was met by the opposition currently before this court.
The judgment rejecting the opposition also recognized the appellees as the legatees of Lottie Lou Paul Price and recognized them as the owners and entitled to possession of the decedent's estate. It is from this judgment that Kimberly P. Dryden and Michael Andrew Price appeal.

OPINION
In their sole specification of error, the appellants contend that the trial court erred in concluding that the Last Will and Testament of Lottie Lou Paul Price had the effect of disinheriting them and in finding that the appellees were entitled to her entire estate. They contend that the will should be interpreted to reflect that they are entitled to a one-third interest in the nondisposable portion of the estate.
In 1990, the Louisiana Legislature enacted Act No. 147, effective July 1, 1990, which attempted to drastically change the forced heirship laws of this state. Prior to that time, La.Civ.Code art. 1493 provided:
Donations inter vivos or mortis causa cannot exceed three-fourths of the property of the disposer, if he leaves, at his decease, one child; and one-half, if he leaves two or more children.
Under the name of children are included descendants of whatever degree they be, it being understood that they are only counted for the child they represent.
The children and their descendants were recognized as forced heirs since they could not be deprived of their portion of the estate absent just cause for disinheritance. La.Civ. Code art. 1495 (1982). Thus, prior to July 1, 1990, it is clear that the appellants would have been able to participate in their grandmother's estate to the extent of a one-sixth interest each in one-half of the property comprising the estate.
Acts 1990, No. 147, § 1, effective July 1, 1990, amended La.Civ.Code arts. 1493 and 1495. La.Civ.Code art. 1493 was amended to read as follows:
Forced heirs are descendants of the first degree who have not attained the age of twenty-three years, or of any age who, because of mental incapacity or physical infirmity, are incapable of taking care of their persons or administering their estates.
For purposes of forced heirship, representation of a descendant of the first degree who predeceased the donor is permitted if that descendant would not have attained the age of twenty-three years at the donor's death.
La.Civ.Code art. 1495 was amended to read in part as follows:
Donations inter vivos and mortis causa cannot exceed three-fourths of the property of the donor if he leaves, at his death, *1154 one forced heir, and one-half if he leaves, at his death, two or more forced heirs.
The Act also added La.Civ.Code art. 1494 which basically reaffirmed the provisions of former La.Civ.Code art. 1495 to the effect that "[a] forced heir cannot be deprived of the portion of the donor's estate reserved to him by law, called the legitime, unless the donor has just cause to disinherit him."
Therefore, based on the changes effected by Acts 1990, No. 147, Ms. Paul would have been allowed to legally disinherit, without cause, her grandchildren so long as they were over twenty-three years of age and not subject to a disabling mental or physical infirmity at the time of her death. However, Act 1990, No. 147 was declared unconstitutional in its entirety by the Louisiana Supreme Court. Succession of Lauga, 624 So.2d 1156 (La.1993); Succession of Terry, 624 So.2d 1201 (La.1993). In declaring the Act unconstitutional, the supreme court declared that the lower court had been correct in applying "the law in effect prior to the invalid amendments" to a will executed after July 1, 1990. Succession of Terry, 624 So.2d at 1202.
Applying the law in effect prior to July 1, 1990, to the case at hand, would require a conclusion that the now controlling dispositive paragraph of the decedent's will is the one which directs that the appellants be awarded their share of the nondisposable portion of Lottie Lou Paul Price's estate. However, before the death of Lottie Lou Paul Price, the forced heirship laws were again amended.
Pursuant to Acts 1995, No. 1321, § 1, a proposal was submitted to the voters of this state to amend La. Const. art. XII, § 5 to read as follows:
(A) The legislature shall provide by law for uniform procedures of successions and for the rights of heirs or legatees and for testate and intestate succession. Except as provided in Paragraph B of this Section, forced heirship is abolished in this state.

(B) The legislature shall provide for the classification of descendants, of the first degree, twenty-three years of age or younger as forced heirs. The legislature may also classify as forced heirs descendants of any age who, because of mental incapacity or physical infirmity, are incapable of taking care of their persons or administering their estates. The amount of the forced portion reserved to heirs and the grounds for disinherison shall also be provided by law. Trusts may be authorized by law and the forced portion may be placed in trust.
(Emphasis added).
The proposed constitutional amendment was ratified by the voters of this state on October 21, 1995, to become effective November 23, 1995. In contemplation of the passage of the constitutional amendment, the legislature had passed Acts 1995, No. 1180, § 1, effective January 1, 1996, which again amended La. Civ.Code arts. 1493 and 1495 and reenacted La.Civ.Code art. 1494. La.Civ.Code art. 1493 was amended to read as follows:
A. Forced heirs are descendants of the first degree twenty-three years of age or younger, or descendants of any age who, because of mental incapacity or physical infirmity, are incapable of taking care of their persons or administering their estates.
B. For purposes of forced heirship, representation of a descendant of the first degree who predeceased the donor is permitted if that descendant would not have attained the age of twenty-three years at the donor's death.
La.Civ.Code art. 1494 was reenacted to read exactly as it had previously read, and La.Civ. Code art. 1495 was amended to read in part as follows:
A. Donations inter vivos and mortis causa cannot exceed three-fourths of the property of the donor if he leaves, at his death, one forced heir, and one-half if he leaves, at his death, two or more forced heirs.
Acts 1995, No. 1180, § 2 reenacted La.R.S. 9:2501 to read as follows:
A. The provisions of Act No. 1180 of the 1995 Regular Session shall become effective on January 1, 1996, and shall apply to the successions of all persons who die after December 31, 1995.

*1155 B. If the person dies testate, and the testament is executed before January 1, 1996, then the testator's intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator's death in any of the following instances:
(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime in effect at the time of the testator's death.
(b) When the testament leaves to the forced heir an amount less than the legitime in effect at the time the testament is executed.
(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime in effect at the time the testament is executed.
(2) That in all other instances the testament shall be governed by the law in effect on December 31, 1995.
(3) That the term forced heir, as used above, shall mean a forced heir at the time the testament is executed.
The trial court construed the donative intent of the decedent by applying the factors in La.R.S. 9:2501(B)(1)(a) and the definition of forced heirs as used in La.R.S. 9:2501(B)(3) as they appear today and as they appeared at the time that the will was written to reflect a desire on the part of Lottie Lou Paul Price to disinherit her grandchildren. There was no testimony presented in this case, and the trial court based its decision on the documentary evidence entered into the record. However, the manifest error rule still governs our review of this case, even though the evidence presented consists entirely of stipulations and documentary evidence. Helaire v. Louisiana Sch. For Math, Science & Arts, 95-809 (La.App. 3 Cir. 12/6/95); 664 So.2d 816, writ denied, 96-0035 (La.2/28/96); 668 So.2d 369. We do not find that the trial court was manifestly erroneous in concluding that Lottie Lou Paul Price intended to disinherit her grandchildren and that her intent should be honored under the clear dictates of La.R.S. 9:2501(B)(1)(a). Accordingly, we find no merit to this assignment of error.

DISPOSITION
For the foregoing reasons, the trial court judgment is affirmed and all costs are assessed to appellants.
AFFIRMED.
NOTES
[1] Honorable Allen M. Babineaux participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.