[2FOIL, Judge.
In this succession proceeding, appellant Virgil James Seogin, Jr., who claims to be a forced heir of the decedent, filed a rule to show cause seeking the posting of a bond by the co-testamentary executors. On appeal, he challenges the judgment of the trial court which found that the record does not support appellant’s right to demand the posting of a bond. After a review of the record, we reverse.
FACTS
Virgil James Seogin, Sr. died on December 16, 1995. He left a last will and testament dated November 21,1995, in which he named as co-testamentary executors his nephews, Robert L. Seogin, Jr. and Bren C. Bishop. The will provided that the executors shall serve without bond. The decedent also stat *41 ed in his mil that he was the father of Virgil James Scogin, Jr. On December 27, 1995, the eo-exeeutors filed a petition for the probate of the will. Thereafter, Virgil James Scogin, Jr., filed an acceptance of the succession with benefit of inventory, claiming to be the sole forced heir of decedent. At the same time, he filed a “Petition by Forced Heir to Compel Executors to Furnish Security,” wherein he sought to compel the executors to furnish security in the sum of ten million dollars in order to protect his interests in the assets of the succession. Once again, Mr. Scogin, Jr. claimed to be the sole forced heir and only child of the decedent. He attached an affidavit of death and heir-ship, in which Elbert G. Sandoz, III and Evella F. Carr stated that they knew the decedent well and knew that he was married to Aimee Sandoz Scogin from whom he was divorced in 1955. They further attested to their knowledge that one son was born of this marriage, Virgil James Scogin, Jr., on May 16,1953.
Approximately a week later, Mr. Scogin, Jr. filed another rule to set a succession bond, alleging that the family home had been desecrated by vandalism and that his succession assets were removed from the family home without his consent and without compensation, constituting irreparable harm. Mr. Scogin, Jr. asserted that a bond was necessary to protect the succession assets.
I3A hearing was held on the rule on April 30, 1996, during which the trial court stated that the record shows the will waived the posting of a bond by the executors. In dismissing the rule, the court stated that it “would fall in error with the record” if it required a bond with no further showing. This appeal followed.
DISCUSSION
The issue before us is whether the eo-exeeutors in this case can be compelled to furnish security, even though in his will the decedent dispensed with the requirement that they furnish security. La.Code Civ.P. art. 3153, which concerns the security of a testamentary executor, provides that “[t]he person named by the testator as executor is not required to furnish security, except when required by the testament or as provided in Articles 3154 through 3155.” As pertains to this case, under article 3154, forced heirs may compel the executor to furnish security. This artiele is mandatory in nature, requiring only a finding that the applicant for security is a forced heir; thereafter, the discretion afforded the trial court is in determining the amount of security. See Succession of Watson, 517 So.2d 276, 277 (La.App. 1st Cir.1987). In this case, as alleged in his petition and rule accompanied by supporting affidavit, Mr. Scogin, Jr. is the only child of the decedent. As such, he is a forced heir under the provisions of La.Civ.Code arts. 1493 and 1495, as those articles existed before their amendment by Acts 1995, No. 1180, § 1, effective January 1,1996.[1]
We note that the trial court did not specifically address the issue of appellant’s forced heirship. Mr. Scogin, Jr., being the only child of the decedent, is clearly entitled to security. Accordingly, the trial court committed error in ruling that Mr. Scogin, Jr. was not entitled to compel the co-executors to furnish security.
DECREE
pFor the above reasons, we reverse the judgment of the trial court and remand the case for a determination of the appropriate security required. Costs are hereby assessed to appellee, Succession of Virgil James Scogin, Sr.
REVERSED AND REMANDED.

. We note that Acts 1990, No. 147 and Acts 1989, No. 788, both of which had amended La.Civ. Code arts. 1493 and 1495 prior to Scogins' death to limit forced heirship, were declared unconstitutional in Succession of Lauga, 624 So.2d 1156 (La.1993), and Succession of Terry, 624 So.2d 1201 (La.1993). Thus, the applicable law herein is the text of these articles prior to those amendments.