I .KLEES, Chief Judge.
Plaintiffs, Elizabeth Toncrey Burham and Earline Toncrey Winslow, appeal from a partial summary judgment finding that plaintiffs were not forced heirs of their late father, Earl Albert Toncrey. We affirm.
On September 10, 1990, the testator, Earl Albert Toncrey (“Mr. Toncrey”), executed a statutory will. The Last Will and Testament of Mr. Toncrey provides, in pertinent part:
II.
I hereby give and bequeath to my wife, Gertrude Vicknair Toncrey, in full ownership, my entire community and separate property, movable and immovable, that I die possessed of.
III.
In the event the new laws eliminating forced heirship of the State of Louisiana are declared invalid by the Louisiana Supreme Court, then and only in that event, Paragraph II will fail and my estate shall be disposed of as hereinafter provided.
IV. •
I hereby give and bequeath to my wife, Gertrude Vicknair Toncrey, in full ownership, the disposable portion of all community and separate property, movable and immovable that I die possessed of.
IsMr. Toncrey died on November 15, 1996. Thereafter, his widow, Gertrude Toncrey, (“defendant”) filed a petition to be sent into possession of Mr. Toncrey’s entire estate without an administration. On April 9, 1997, a judgment of possession was signed, and defendant was recognized as the surviving spouse and sole legatee of Mr. Toncrey.
This lawsuit was filed by plaintiffs to annul the testament and set aside the judgment of possession or alternatively to set aside the judgment of possession for reduction of excessive donation, administration of estate and appointment of succession representative. The plaintiffs allege in their petition that they are “forced heirs” and are entitled to receive a legi-time equal to one-half of Mr. Toncrey’s estate.
The defendant filed a motion for a partial summary judgment on the issue of whether plaintiffs are forced heirs. On July 27, 1998, the trial court granted the partial summary judgment. In its oral *138 reasons for judgment, the trial judge stated:
I think it is clear from the wording of the testament that Mr. Toncrey wanted to leave what he had to his wife at the time he executed his will, provided that, provided that he can do that, if he anticipated there might be some problems with that statute and made alternate provisions should the forced heirship, the amendment to the forced heirship and its provisions be declared unconstitutional which they were. But before he died they were reinstated and were validated and in effect at the time of his death. I think that his intent to leave his estate to his wife, he can do that legally under the law. I think that his expressed intent should be effectuated.
Plaintiffs appeal this final judgment.

Legislative History of La. R.S. 9:2501

In 1989 and 1990, the legislature attempted to eliminate forced heirship, except for children twenty-three years of age or younger and/or those with specific disabilities. In the 1990 legislation, the legislature first enacted the transitional | ^provision, La. R.S. 9:2501, which provided July 1, 1990 as the effective date for the change in the law of forced heirship. However, in 1993, the Louisiana Supreme Court declared the 1989 and 1990 legislation unconstitutional in its entirety. See Succession of Lauga, 624 So.2d 1156 (La.1993). Thereafter, the legislature again responded with Act 1180 of 1995, which was in most respects a re-enactment of the 1989 and 1990 legislation. . One important change, however, was the proposed amendment to Art. XII, Section 5 of the constitution. The proposed amendment provided as follows:
Section 5.
(A) The legislature shall provide by law for uniform procedures and successions and for the rights of heirs or legatees and for testate and intestate succession. Except as provided in Paragraph B of this Section, forced heirship is abolished in this state.
(B) The legislature shall provide for the classification of descendants, of the first degree, twenty-three years of age or younger as forced heirs. The legislature may also classify as forced heirs descendants of any age who, because of mental incapacity or physical infirmity, are incapable of taking care of their persons or administering their estates. The amount of the forced portion reserved to heirs and the grounds for dis-inhersion shall also be provided by law. Trusts may be authorized by law and the forced portion may be placed in trust.
In October of 1995, the constitutional amendment was passed by the vote of the people and became effective on November 23, 1995. Thereafter, La. Civ.Code Art. 1493 defines forced heirs as “descendants of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger or descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.” Because of the 1995 legislation, Section 9:2501 was re-enacted and amended. In 1996, at the time of the death of Mr. Toncrey, Section 9:2501 provided as follows:
|4A. The provisions of Act No. 1180 of the 1995 Regular Session as provided therein became effective on January 1, 1996, and shall apply to the successions of all persons who die after December 31, 1995.
B. If the person dies testate, and the testament is executed before January 1, 1996, then the testator’s intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator’s death in any of the following instances:
*139 (a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator’s death.
(b) When the testament leaves to the forced heir an amount less than the legitime under the law in effect at the time of the testament is executed.
(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.
(2) That in all other instances the testament shall be governed by the law in effect on December 31,1995.
(3) That the term forced heir, as used above, shall mean a forced heir at the time the testament is executed.
The 1996 revision comment for Section 9:2501 suggests that “[s]ubsection B deals only with transitional provisions for the construction or interpretation of testaments that are executed before January 1, 1996, where the testator dies after the new law becomes effective.”

Discussion

Plaintiffs argue that the trial court erred in (1) failing to find that the Supreme Court decisions in Succession of Lauga and Succession of Terry, 624 So.2d 1201 (La.1993), declaring Act 788 of 1989 and Act 147 of 1990 unconstitutional, caused the failure of paragraph II of decedent’s will; and (2) | .^granting a partial motion for summary judgment based upon a subjective fact such as the intent of the testator where two reasonable interpretations of the testator’s will exists. We find plaintiffs’ argument to be without merit.
The standard of review for summary judgments on appeal is de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. A motion for summary judgment which shows that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law shall be granted. La.Code Civ. Proc. Art. 966 C(l). Pursuant to the 1996 amendments to this article, summary judgments are now favored, and the rules regarding such are to be liberally applied. The non-moving party may no longer rely on the allegations in its pleadings in opposing a summary judgment. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact, and the motion should be granted. La. Code Civ. Proc. Art. 966 C(2); Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490.
In Succession of Boyter, the Second Circuit recently addressed the issue of forced heirship in light of the re-enactment in 1995 and amendments in 1996 and 1997 to La. R.S. 9:2501. 31,460 (La.App. 2 Cir. 1/29/99), 727 So.2d 685, unit granted, 99-0761 (La.4/30/99), 741 So.2d 2. In Boyter, Mr. Boyter executed his Last Will and Testament on December 30, 1991. Although Mr. Boyter had four sons at the time the will was written, he made no bequests to his two children Michael and Frances. Mr. Boyter died on January 28, 1997. Upon opening Mr. Boyter’s succession, Michael and Frances filed a petition to reduce donation |Bmortis causa to disposable portion, to collate donations inter vivos and donation mortis causa, and to be recognized as owners of one-fourth interest each of the real estate and fictitious mass of the estate of Mr. Joseph Page Boyter. The trial court found that “the plaintiffs are not forced heirs...they cannot demand collation, reduction or recognition in connection with Mr. Boyter’s succession.” Id. On appeal, the Second Circuit affirmed the trial court and found that the language of the testament was clear and expressed one intent - to leave the estate to only two of Mr. Boyter’s children. The court found it significant that “at the time that this testament was executed in 1991, the existing expression of the law of forced heirship by the legislature gave no forced *140 heirship rights to Mr. Boyter’s children.” Id. at 5.
The Third Circuit also addressed an almost identical factual situation, to the present case in Succession of Price, 96-1330 (La.App. 3 Cir. 3/5/97), 692 So.2d 1152.[1] In Price, Mrs. Price died on February 5, 1996. She was survived by two of her children, Evelyn and Randy. Her third child, William, predeceased her, and he was survived by two children, Kimberly and Michael. At the time of Mrs. Price’s death, both grandchildren were over the age of twenty-three and were capable of administering their own estates. Mrs. Price executed a Last Will and Testament in statutory form, which read in part:
In accordance with the provisions of LSA C.C. Article 1495, as amended, if my grandchildren, Kimberly Price Dryden and Michael A. Price, have attained the age 23 at the time of my death, then I will and bequeath all the property of which I die possessed to my son, Randy L. Price and my daughter, Evelyn Faye Price McCann, to share and share alike.
Should the provisions of LSA C.C. Article 1495, as amended, be declared unconstitutional or invalid, then in that event, I direct that the fallowed disposable portion be given to Randy L. Price and Evelyn Faye Price McCann, share and share alike.
The trial court found that the Last Will and Testament of Mrs. Price had the effect of disinheriting her grandchildren and, therefore, that her two children were entitled to her entire estáte. The Third Circuit affirmed the trial court, finding that “the factors in La. R.S. 9:2501(B)(l)(a) and the definition of forced heirs as used in La. R.S. 9:2501(B)(3) as they appear today and as they appeared at the time that the will was written” reflected a desire on the part of Mrs. Price to disinherit her grandchildren. Id. at 1155.
Similarly, we find that La. R.S. 9:2501, as amended in 1996, provides that the “new” succession law governs the succession of persons like Mr. Toncry, who executed his testament prior to January 1, 1996, and died after December 31, 1995. Under R.S. 9:2501(B)(l)(c), we find that the language of the testament is clear and unambiguous in expressing Mr. Toncrey’s intent to leave to his forced heirs “an amount less than the legitime under the law in effect at the time the testament is executed.” As previously stated, the testament provides that Mr. Toncrey wishes to “give and bequeath to [his] wife, Gertrude Vicknair Toncrey, in full ownership, [his] entire community and separate property, movable and immovable, that [he] die possessed of.” Further, we find that the partial summary judgment was appropriate as the plaintiffs failed to produce factual support sufficient to establish that Mr. Toncrey’s intent was to grant them legacies as forced heirs, rather than merely to provide for the circumstance in which the law would not allow him to leave his entire estate to his wife.
IsAccordingly, we affirm the trial court’s partial summary judgment finding that plaintiffs are not “forced heirs”; and thus, that plaintiffs are not entitled to receive a legitime equal to one-half of Mr. Toncrey’s estate.

AFFIRMED.

. Although Plaintiffs argue that Price can be distinguished from this case because it interprets La.R.S. 9:2501 as enacted by Acts, 1995, No. 1180 § 2, eff. January 1, 1996, rather than La.R.S. 9:2501 as enacted by Acts 1996, 1 st Ex.Sess., No. 77, § 2, eff. June 18, 1996, we find that the amendment did not substantively change La. R.S. 9:2501 and that the result would be the same under either Act 1995 or Act 1996.