727 So.2d 683 (1999)
SUCCESSION OF Elsie Lloyd ALLISON.
No. 31,495-CA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 1999.
*684 Blackman & Perkins by Gordon N. Blackman, Jr., A. Michelle Perkins, Shreveport, Jones, Walker, Waechter, Poitevent, Carrere & Denegre by Alton E. Bayard, III, New Orleans, Counsel for Plaintiffs-Appellants.
Barlow & Hardtner by Kay C. Medlin, David A. Barlow, Shreveport, Counsel for Defendants-Appellees.
Before BROWN, GASKINS, JJ., and PRICE, J. Pro Tem.
GASKINS, J.
Barry Ashton Naylor, Elisabeth Lloyd Anthony and Juliet Amelia Williamson appeal a judgment granting exceptions of no cause of action and no right of action to their petitions for reduction of impingement on legitime.
We affirm.

FACTS
Elsie Lloyd Allison died testate on October 20, 1996, having drafted a will on December 5, 1995. Mrs. Allison had three children, namely Barry Ashton Naylor ("Naylor"), Noel Naylor Sorensen and Thomas Lloyd Naylor. Thomas Naylor predeceased Mrs. Allison and was survived by Elisabeth Lloyd Anthony ("Anthony") and Juliet Amelia Williamson ("Williamson").

The Last Will and Testament
Mrs. Allison executed a will on December 5, 1995. In Article 1 of the will, entitled "Marital History," Mrs. Allison mentions the names of her three children. Mrs. Allison does not mention the names of the children of her predeceased son, Thomas Lloyd Naylor, or the names of any other descendants in this article.
Mrs. Allison's will made particular bequests to Noel Naylor Sorensen, Cecille Thompson, Mary Ann DiFilippo Naylor, Barry Ashton Naylor, Jr., Myra Naylor Laughlin, Robert Scott Sorensen and Steven Mark Sorensen. These legacies are subject to a survival condition. The residuary of the estate was bequeathed to Noel Naylor Sorensen. If she had predeceased Mrs. Allison, the residuary would have gone to Robert Sorensen and Steven Sorensen. If Mrs. Allison had not been survived by Noel Sorensen, Robert Sorensen or Steven Sorensen, then the residuary would have been given to the trustee of the Barry Ashton Naylor Trust. Barry Naylor is the sole income beneficiary of this trust. This is the only bequest made to Barry Naylor. The will was probated on December 7, 1996. Noel Sorensen survived the testator and has been qualified as the testamentary executrix.

Procedural History
On March 31, 1997, Naylor filed a petition for reduction of impingement on legitime. Peremptory exceptions of no right of action and no cause of action were filed against Naylor's petition. On May 30, 1997, Williamson and Anthony filed a petition for reduction of impingement on legitime. Peremptory exceptions of no right of action and no cause of action were also filed against this petition. On February 3, 1998, the trial court issued a ruling granting the exceptions of no cause of action and no right of action.[1]

*685 Decision

For the reasons assigned in Succession of Joseph Page Boyter, 31,460 (La. App.2d Cir.1/29/99), 727 So.2d 685, in which a separate judgment is being rendered by us this date and which raises the same issues, we find that the intent of the testator is clear and the testament should be interpreted in light of the law in effect on the testator's death. Consequently, we affirm the trial court's ruling that plaintiffs have no cause of action and no right of action in this case.

CONCLUSION
The trial court's granting of the exceptions of no cause of action and no right of action in the Succession of Elsie Lloyd Allison is affirmed. Costs of appeal are assessed to plaintiffs.
AFFIRMED.
PRICE, J., Pro Tem., concurring with written reasons.
PRICE, J., Pro Tem., concurring.
Because Mrs. Allison died after December 31, 1995, the transitional provisions of La. R.S. 9:2501 apply to her succession. La. R.S. 9:2501(B) further directs that when a testament is executed before January 1, 1996, the "testator's intent shall be ascertained" according to the rules provided in the statute. My emphasis. The word "shall" is construed as mandatory. La. R.S. 1:3.
Since the provisions of this statute appear to be mandatory, I would apply it and reach the same result as in the majority opinion.
Barry Ashton Naylor was left an amount less than the legitime at the time the testament was executed under Subsection B(1)(b), therefore the testament should be governed by the law in effect at the time of testator's death.
Elisabeth Lloyd Anthony and Juliet Amelia Williamson were omitted altogether from decedent's will, showing decedent manifested an intent to disinherit them. By application of Subsection B(1)(a), the testament should be governed by the law in effect at testator's death.
Either using the majority approach, or that suggested by me, would carry out the clear intent of Mrs. Allison to disinherit appellants by applying the law in effect at her death. Therefore, I respectfully concur.
NOTES
[1] A Motion in Limine was filed seeking to exclude the testimony of Max Nathan as an expert on Louisiana succession law. The motion was denied, and Mr. Nathan testified. The trial judge then left open the record to give plaintiffs an opportunity to present their experts, which they did. Both Katherine Spaht and former Senator Sydney Nelson testified in support of plaintiffs' case. Since we find the interpretation of La. R.S. 9:2501 is not instrumental in the deciding of this case, we pretermit this issue. However, we note that while expert testimony is not permitted to address domestic law, the allowance of this testimony is harmless error in a judge trial. See and compare Wilson v. Wilson, 542 So.2d 568 (La.App. 1st Cir.1989).