751 So.2d 986 (2000)
SUCCESSION OF Bernice Dolese, Wife of and Michael J. CZINDULA, Sr.
No. 99-CA-1686.
Court of Appeal of Louisiana, Fourth Circuit.
January 5, 2000.
*987 Jules J. Mumme, III, Stephanie M. Quinlan, Arabi, Louisiana, Counsel For Appellee (Michael J. Czindula, Jr., Executor).
Catherine J. Soutullo, Gretna, Louisiana, Counsel for Appellant (Sheran A. Czindula).
(Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, Sr.)
KLEES, Chief Judge.
Appellant, Sheran A Czindula, appeals from a judgment of the district court finding that the law applicable in interpreting appellant's late father's will was the law in effect at the time of the testator's death pursuant to La. R.S. 9:2501. We affirm.
On July 8, 1987, the testator, Michael J. Czindula, executed a statutory will. The Last Will and Testament of the testator provided, in pertinent part:
4. I hereby formally by this last will and testament disinherit my daughter Sheran A. Czindula. As of this date, I have not heard from my daughter either *988 in writing or by telephone for a period in excess of ten years. I have not received any correspondence from her of any nature. This disinheritance is made in accordance with Louisiana Civil Code as amended as of this date.
The testator died on September 2, 1998. In February 1999, Michael J. Czindula, Jr., the son of the testator and the executor of the estate, filed a Motion to Effectuate Testamentary Provisions in Civil District Court, Parish of Orleans, which requested that Sheran A. Czindula be ordered to appear and show cause why the terms of the will should not be ordered effectuated as written. The rule to show cause was set for hearing on March 12, 1999. At the hearing, judgment was rendered finding that the law to be applied was the law in effect on the date of the testator's death, in accordance with La. R.S. 9:2501(1)(a). This ruling effectively precluded Sheran A. Czindula from introducing evidence of her reconciliation with her father. Sheran A. Czindula appeals.
Appellant argues that the district court erred in (1) ruling that Sheran A. Czindula is not a forced heir or legatee of the decedent's estate and so not entitled to inherit either as heir or legatee; and (2) holding that the law applicable to the interpretation of the will was the law in effect at the time of the testator's death rather than the law in effect at the time the testament was executed.
In order to determine whether appellant is an heir or legatee of the decedent's estate, it must first be determined which law is applicable to the situation. Thus, we address the second assignment of error first.
Former La. Civil Code Article 1712 provides
In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.
Thus, under Article 1712, the testament only needs to be interpreted and the testator's intent ascertained where the language of the testament itself is ambiguous. Appellant alleges that the last sentence of Paragraph 4 of the testator's will, which states "[t]his disinheritance is made in accordance with Louisiana Civil Code as amended as of this date," clearly manifests the testator's intent that the law at the time the testament was executed be applied. Accordingly, appellant should have had the opportunity to disprove the testator's reasons for disinheriting her or that she be allowed to present evidence that she and the testator had been reconciled, which was permitted under the law on the date that the testament was executed.
We read the statement in question to mean that the testator was disinheriting his daughter for one of the causes provided by the Civil Code for the disinherison of a forced heir. We do not read the sentence to mean that the testator intended the standards for disproving such cause be applicable indefinitely, especially as he was not likely contemplating any sort of reconciliation at the time. Because several meanings may be attributed to the provision in question, it may be considered ambiguous, and as such, subject to interpretation.
La. R.S. 9:2501 provides for the construction of testaments executed prior to January 1, 1996, and states in pertinent part:
If a person dies testate after July 15, 1997, and the testament is executed before January 1, 1996, then the testator's intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator's death in any of the following instances:
(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime *989 under the law in effect at the time of the testator's death....
(2) That in all other instances the testament shall be governed by the law in effect at the time the testament was executed.
(3) That the term forced heir, as used above, shall mean a presumptive forced heir under the law in effect at the time the testament was executed.
Here, the testator died after July 15, 1997, and his will was executed before January 1, 1996, which makes La. R.S. 9:2501 applicable in determining the testator's intent. Paragraph 4 of the testator's will clearly states his intent to disinherit his daughter for failure to communicate with him. According to § 2501(1)(a), where the testament manifests an intent to disinherit a forced heir, the law in effect at the time of the testator's death governs.
Under the law in effect on September 2, 1998, the date of the testator's death, Sheran A. Czindula would not be a forced heir. Thus, the testator need not have expressed any reasons for disinheriting her. Because the testator could have disinherited his daughter for any or no reason whatsoever, there was no need to allow any extrinsic evidence to prove that the testator and his daughter were reconciled, as that reconciliation would have no effect on the provision in question. The district judge was correct in not allowing appellant to introduce any extrinsic evidence.
Appellant further argues that La. R.S. 9:2501(1)(a) should be read as follows:
(a) When the testament manifests an intent to disinherit a forced heir under the law in effect at the time of the testator's death OR when the testament manifests an intent to restrict a forced heir to the legitime under the law in effect at the time of the testator's death.
When read in such a manner, appellant argues, the statute does not apply, as the testament manifested an intent to disinherit under the law in effect on the date the testament was executed rather than the date of the testator's death. We decline to adopt such a reading of La. R.S. 9:2501(1)(a). La. R.S. 9:2501(3) clearly states that the term forced heir means a presumptive forced heir under the law in effect at the time the testament was executed. Taken together, appellant's reading would make the provisions incompatible.
Finally, even if the language in the will was found to be unambiguous, as appellant argues, the result would be the same. If the terms of a will are clear and unambiguous, no interpretation is needed to ascertain the testator's intent. Succession of Allison, 31,495 (La.App. 2 Cir. 1/29/99), 727 So.2d 683. Where the terms of a testament are clear and unambiguous, the terms are taken on their face. Here, the will simply stated that the testator was disinheriting his daughter as provided for by the Civil Code. Assuming this language to be unambiguous, no interpretation is needed and the law at the time of the testator's death is applicable. So again, because appellant would not be a forced heir, no extrinsic evidence is necessary to disprove any cause for disinherison.
Accordingly, we affirm the district court's finding that the law in effect at the time of the testator's death is applicable; and thus, appellant is not entitled to inherit either as an heir or as a legatee.
AFFIRMED.