ON REMAND FROM THE SUPREME COURT OF LOUISIANA

_LKLEES, Chief Judge,
We have this matter on remand from the Louisiana Supreme Court. Our decision of August 18, 1999, affirming the trial court’s judgment (In re Succession of Toncrey, 99-0249 (La.App. 4th Cir. 8/18/99) 744 So.2d 136) was remanded to us “for *731 reconsideration in light of Succession of Boyter”, 99-0761 (La.1/7/0), 756 So.2d 1122.
Plaintiffs, Elizabeth Toncrey Burnham (Elizabeth), and Earline Toncrey Winslow (Earline), were born to Earl Albert Ton-crey during his first marriage to Ruth Snell. Both children survived Mr. Ton-crey.
Mr. Toncrey executed his last will and testament on September 10,1990, and died on November 15, 1996. His testament provides, in pertinent part:
II.
I hereby give and bequeath to my wife, Gertrude Vicknair Toncrey, in full ownership, my entire community and separate property, movable and immovable, that I die possessed of.
III.
In the event the new laws eliminating forced heirship of the State of Louisiana are declared invalid by the Louisiana Supreme Court, then and only in that event, Paragraph II will fail and my estate shall be disposed of as hereinafter provided.
_b.iv.
I hereby give and bequeath to my wife, Gertrude Vicknair Toncrey, in full ownership, the disposable portion of all community and separate property, movable and immovable that I die possessed of.
V.
I confirm for life the usufruct which my wife, Gertrude Vicknair Toncrey enjoys under the laws of the State of Louisiana as to all my interest in community property and grant to her a lifetime usufruct over all of my separate property which I own at the time of my death...
VI.
I give and bequeath all of the rest and remainder of my estate subject to the above reference usufruct, to my two children born of my marriage with Ruth Snell, namely, Elizabeth Toncrey, wife of Don Burnham and Earline Toncrey, wife of Douglas Winslow.
VII.
In the event my wife, Gertrude Vick-nair Toncrey, should predecease me, I hereby give and bequeath the portion of my estate which I inherited from my wife, Gertrude Vicknair Toncrey, to her children...and the remainder of my estate to my two children, namely, Elizabeth Toncrey...and Earline Ton-crey....The purpose of this paragraph is to provide that in the event my wife should predecease me, my children, Elizabeth Toncrey...and Earline Ton-crey...and my wife’s children...shall inherit equally the entire community estate which formerly existed between my wife and myself.
After Mr. Toncrey’s death, his widow, Gertrude Toncrey, (defendant) filed a petition to be sent into possession of Mr. Toncrey’s entire estate without an administration. On April 9, 1997, a judgment of possession was signed, and defendant was recognized as the surviving spouse and sole legatee of Mr. Toncrey. Thereafter, Elizabeth and Earline filed suit to annul the testament and set aside the judgment of possession or alternatively to set aside the judgment of possession for reduction of excessive donation, administration of estate and appointment of succession representative.
|3The defendant filed a motion for a partial summary judgment on the issue of whether Elizabeth and Earline are forced heirs. On July 27, 1998, the trial court granted the partial summary judgment.
On appeal, we affirmed the trial court’s judgment noting that under R.S. 9:2501, as *732 amended in 1996, Elizabeth and Earline are not “forced heirs.” Specifically, under R.S. 9:2501 B(l)(c), we found that the language used in Mr. Toncrey’s testament stating his wish to “ ‘give and bequeath to [his] wife, Gertrude Vicknair Toncrey, in full ownership, [his] entire community and separate property, movable and immovable, that [he] die possessed of ” was clear and unambiguous in expressing his intent to leave to his forced heirs an amount less than the legitime under the law in effect at the time the testament is executed.
Our initial decision in the instant case complied with the prevailing law in the Second and Third Circuits at the time. However, the Supreme Court’s subsequent decision in Succession of Boyter, 756 So.2d 1122, a factually similar case, changed the law with regard to the proper interpretation and application of La. R.S. 9:2501 (1996).
In Boyter, Mr. Boyter executed his Last Will and Testament on December 30, 1991. Although Mr. Boyter had four sons at the time the will was written, he made no bequests to his two children Michael and Frances. Mr. Boyter died on January 28, 1997. Frances and Michael received nothing from the estate. Thereafter, Michael and Frances filed suit arguing that La. R.S. 9:2501 (1996) mandated that the provisions of the will be governed by the law in effect on December 31, 1995, under which they were considered forced heirs. The trial court found that Michael and Frances had no cause of action and dismissed the suit. Specifically, the trial court found that under the transitional provision of La. R.S. 9:2501 B(l), the testament evidenced |4Mr. Boyter’s intent that the law in effect at the time of his death govern his succession and thus, Michael and Frances were not forced heirs. The court of appeal refused to apply La. R.S. 9:2501 B finding that Section 9:2501 is simply a transitional provision enacted to aid in the interpretation of testaments. Nonetheless, the court of appeal affirmed the trial court’s decision finding that the language of the testament was clear and expressed one intent - to leave the estate to only two of Mr. Boyter’s children. The Supreme Court granted certiorari to determine the proper interpretation and application of La. R.S. 9:2501 (1996). The Supreme Court reversed the lower courts and found that Mr. Boyter’s testament does not comply with the requirements of La. R.S. 9:2501 B(l), and thus, the law in effect on December 31, 1995 governs the testament. The Supreme Court found that Michael and Frances were forced heirs under the law in effect on December 31,1995.
The Supreme Court found that “Section B mandates that courts ascertain the testator’s intent according to the rules provided in La. R.S. 9:2501 (1996).” The Court stated that:
The statute provides for one of two mutually exclusive outcomes when a person whose testament was executed before January 1, 1996 dies after December 31, 1995. When the transitional provision is applied, either: (1) the testament complies with the requirements of B(l), in which case the law in effect at the time of the testator’s death “shall” govern the testament, or (2) the testament does not comply with the requirements of B(l), in which case the law in effect on December 31, 1995 “shall” govern the testament.
In applying the statute, the Court found that La. R.S. 9:2501 B requires that there be “actual verbiage in the testament indicating an intent to cut off the forced heir’s right of reduction.” The Court found that in order to meet the three requirements in La. R.S. 9:2501 B, the testator’s action must | sbe clear and affirmative. The court noted that by interpreting subsections (a), (b), and (c) to require the testament to contain affirmative language manifesting an intent to cut off a forced heir’s right of reduction promotes “certainty and stability” in the successions law.
Because neither subsection B(l)(a) nor B(l)(b) are applicable to the facts of this *733 case, we will only address B(l)(c). The Supreme Court found that in order for the testament to be governed by the law in effect at the time of Mr. Toncre/s death, La. R.S. 9:2501 B(l)(c) requires “(1) that the testament ‘omits a forced heir’ and (2) that the ‘language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.’ ” Boyter, 756 So.2d at 1128-29.
Although the testament does contain affirmative language manifesting Mr. Ton-crey’s intention to leave his entire estate to his wife, he nonetheless fails to omit his forced heirs, Elizabeth and Earline. Because the requirement that the testament omit the forced heir is not satisfied, we cannot say that subsection B(l)(c) applies. Accordingly, we find that La. R.S. 9:2501 B(l) is inapplicable to this case and that under La. R.S. 9:2501 B(2), Elizabeth and Earline’s rights are governed by the law in effect on December 31,1995.
The Supreme Court found that the law in effect on December 31, 1995 was that all children were forced heirs. Boyter, 756 So.2d at 1132-33. Specifically, the Court stated that:
the 1995 amendment to Article XII, Section 5 must be interpreted to provide that forced heirship was abolished in this state, subject to the condition that the legislature provide for the classification of certain descendants of the first degree as forced heirs. Consequently, the effectiveness of the constitutional amendment, including the provision that states “forced heirship is abolished in | fithis state,” was suspended until the legislature provided the supplemental legislation mandated by the constitution, including the classification of forced heirs. We therefore find that the laws defining forced heirs as all children remained intact until the supplemental legislation mandated by the constitutional amendment became effective, which was January 1,1996.
Accordingly, we find that Elizabeth and Earline will be treated as forced heirs because Mr. Toncrey included them in his testament as forced heirs.
For the reasons stated above, we vacate our original opinion and judgment affirming the trial court. The judgment of the trial court granting the partial motion for summary judgment on the issue of forced heirship is hereby reversed and this case is remanded to the trial court for. further proceedings consistent with this opinion.

REVERSED AND REMANDED.