766 So.2d 778 (2000)
SUCCESSION OF Elsie Lloyd ALLISON.
No. 31,495-CA.
Court of Appeal of Louisiana, Second Circuit.
September 14, 2000.
*779 Blackman & Perkins by Gordon N. Blackman, Jr., A. Michelle Perkins, Shreveport, Counsel for Plaintiff-Appellant Barry Ashton Naylor, Sr.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre by Alton E. Bayard, III, Baton Rouge, Counsel for Plaintiffs-Appellants Juliet Amelia Williamson and Elisabeth Lloyd Anthony.
Barlow & Hardtner by Kay C. Medlin, David A. Barlow, Shreveport, Counsel for Defendants-Appellees Noel N. Sorensen, Cecille Thompson and Mary Ann Naylor.
Before BROWN, GASKINS and DREW, JJ.
GASKINS, J.
This case was remanded for reconsideration in light the Louisiana Supreme Court's recent decision in Succession of Boyter, 99-0761 (La.1/7/0), 756 So.2d 1122. In our earlier consideration of the instant matter,[1] we set forth the facts and procedural history as follows:
FACTS
Elsie Lloyd Allison died testate on October 20, 1996, having drafted a will on December 5, 1995. Mrs. Allison had three children, namely Barry Ashton Naylor ("Naylor"), Noel Naylor Sorensen and Thomas Lloyd Naylor. Thomas Naylor predeceased Mrs. Allison and was survived by Elisabeth Lloyd Anthony ("Anthony") and Juliet Amelia Williamson ("Williamson").
The Last Will and Testament
Mrs. Allison executed a will on December 5, 1995. In Article 1 of the will, entitled "Marital History," Mrs. Allison mentions the names of her three children. Mrs. Allison does not mention the names of the children of her predeceased son, Thomas Lloyd Naylor, or the names of any other descendants in this article.
Mrs. Allison's will made particular bequests to Noel Naylor Sorensen, Cecille Thompson, Mary Ann DiFilippo Naylor, Barry Ashton Naylor, Jr., Myra Naylor Laughlin, Robert Scott Sorensen and Steven Mark Sorensen. These legacies are subject to a survival condition. The residuary of the estate was bequeathed to Noel Naylor Sorensen. If she had predeceased Mrs. Allison, the residuary would have gone to Robert Sorensen and Steven Sorensen. If Mrs. Allison had not been survived by Noel Sorensen, Robert Sorensen or Steven Sorensen, then the residuary would have been given to the trustee of the Barry Ashton Naylor Trust. Barry Naylor is the sole income beneficiary of this trust. This is the only bequest made to Barry Naylor. The will was probated on December 7, 1996. Noel Sorensen survived the testator and has been qualified as the testamentary executrix.
Procedural History
On March 31, 1997, Naylor filed a petition for reduction of impingement on legitime. Peremptory exceptions of no right of action and no cause of action were filed against Naylor's petition. On May 30, 1997, Williamson and Anthony filed a petition for reduction of impingement on legitime. Peremptory exceptions of no right of action and no cause of action were also filed against this petition. On February 3, 1998, the trial court issued a ruling granting the *780 exceptions of no cause of action and no right of action.
We affirmed the ruling of the trial court, but now reconsider that opinion based on the supreme court's decision in Succession of Boyter, supra.

LAW
In Succession of Boyter, supra, James Boyter died on January 28, 1997, and was survived by four children, Frances, Michael, Jerry and James. Mr. Boyter executed his testament on December 30, 1991, in which he made some specific bequests to James, with the remainder of the estate being bequeathed to James and Jerry. Frances and Michael were not named in the testament, and filed suit asking to be recognized as forced heirs. The trial court dismissed the claims of Frances and Michael, and the court of appeal affirmed. Our court found that the language of the testament was clear and therefore it was unnecessary to consider La. R.S. 9:2501, which was enacted to aid in the transition in the change of the forced heirship law.
The supreme court reversed, finding that La. R.S. 9:2501 is a mandatory statute that applies to all successions in which a person executed a will before January 1, 1996, and died after December 31, 1995. The court held that Mr. Boyter's will did not satisfy any of the requirements of La. R.S. 9:2501(B)(1). The court found that there must be actual verbiage in the testament indicating an intent to deprive the forced heir of his right of reduction. This verbiage must be a clear and affirmative action by the testator, the court ruled, and therefore, an omission of a forced heir did not manifest an intent to restrict plaintiffs to the legitime in effect at the time of the testator's death. The supreme court concluded that the law in effect on December 31, 1995 would govern Mr. Boyter's testament, and consequently, the plaintiffs would be forced heirs of James Boyter.
At all times relevant to the present case, La. R.S. 9:2501 (1996) read:
A. The provisions of Act. No. 1180 of the 1995 Regular Session as provided therein became effective on January 1, 1996, and shall apply to the successions of all persons who die after December 31, 1995.
B. If the person dies testate, and the testament is executed before January 1, 1996, then the testator's intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator's death in any of the following instances:
(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator's death.
(b) When the testament leaves to the forced heir an amount less than the legitime under the law in effect at the time the testament is executed.
(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.
(2) That in all other instances the testament shall be governed by the law in effect on December 31, 1995.
(3) That the term forced heirs, as used above, shall mean a forced heir at the time the testament is executed.[2]
The Boyter court expounded on the requirements of La. R.S. 9:2501(B)(1) that are used to determine the testator's intent. The court held that some affirmative action was required by the testator under subsection (a), which dealt with "[w]hen the testament manifests an intent to disinherit *781 a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator's death." The court found this subsection contemplated that the testator make an attempt to comply with the statutory requirements for disinheritance, although it noted that this attempt did not necessarily have to be successful under the law.
The second instance in which a testator's intent can be determined is found under subsection (b), which addresses "[w]hen the testament leaves to the forced heir an amount less than the legitime under the law in effect at the time the testament is executed." Under this provision, the testament must contain "some positive statement" relating to the person who would have been a forced heir under the law in effect when the testament was executed. Boyter, supra.
The third instance concerning the intent of the testator is found in provision (c), which applies "when the testament omits a forced heir and the language of the testament indicates an intent to restrict the force heir to an amount less than the legitime under the law in effect at the time the testament is executed." The Boyter court found that this provision has two requirements. The first is that the heir be omitted. The second requisite is that the testament contain affirmative language indicating that the forced heir is restricted to an amount less than the legitime.
Since the Boyter case was decided, the First Circuit has addressed the application of La. R.S. 9:2501 in Succession of Barthel, 99-1573 (La.App. 1st Cir. 6/23/00), 762 So.2d 740. Mr. Barthel executed a will leaving all his property to his wife, with the provision that in the event his wife predeceased him, his children would inherit.[3] The testament was executed on January 30, 1992, and Mr. Barthel died on June 11, 1996. The appellate court determined that only subsection (b) of La. R.S. 9:2501(B)(1) applied to the facts. In utilizing the Boyter analysis, the court pronounced:
The clear language of this statute requires that the testament include some affirmative action to leave the forced heir something less than the legitime in effect at the time the testament was executed. The notion of the testament itself leaving some amount requires that the testament contain an affirmative statement as to amount. The testament must contain some positive statement relating to the person who would have been a forced heir prior to the effective date of the new law on forced heirship.
The First Circuit then found that the "contingency beneficiary status constituted an affirmative action to leave the forced heir ... something less than the legitime in effect at the time the testament was executed." The court decided (B)(1)(b) to be applicable, concluded the law in effect at Mr. Barthel's death governed, and determined the daughter was not a forced heir.[4]

Barry Ashton Naylor
In her testament, Elsie Lloyd Allison names the three children born to her, Barry Ashton Naylor and Noel Sorensen, both of whom are alive, and Thomas Lloyd Naylor, who predeceased her. Barry Ashton *782 Naylor is provided for in the testament as the sole income beneficiary of the Barry Ashton Naylor Trust, which receives the residuary of the estate only if Noel Naylor Sorensen, Robert Scott Sorensen, and Steven Mark Sorensen predecease him. He is not named as the potential recipient of any of the particular legacies.
We must apply La. R.S. 9:2501 to determine whether the testament complies with the requirements of (B)(1), in which case the law in effect on the date of the testator's death, October 20, 1996, applies. We find that the testament conforms with the rules found in La. R.S. 9:2501(B)(1)(b), in that Naylor was named the contingent recipient of the residuary estate. Thus, the testament affirmatively leaves to Barry Ashton Naylor an amount less than the legitime under the forced heirship laws in effect at the time the testament was executed.
In Boyter, the forced heir was omitted from the will. Here, Barry Ashton Naylor, who would have been a forced heir prior to December 31, 1995, is affirmatively included in the will. He is named as a child who was living at the time Mrs. Allison executed the will. Barry Naylor is also listed as being the contingent beneficiary of the testament. The will also gives detailed instructions of how to handle the Barry Ashton Naylor Trust, of which he is the sole income beneficiary. It is therefore clear that the testament complies with La. R.S. 9:2501 and that the testator's intent was to leave the forced heir an amount less than the legitime under the law in effect at the time Mrs. Allison executed the will. The law in effect when Mrs. Allison died would govern the testament, therefore, Barry Ashton Naylor would not be a forced heir.

Anthony and Williamson
Anthony and Williamson are the daughters who survived Thomas Naylor, Mrs. Allison's predeceased son. They are not mentioned in the testament, and they do not contend that they would be forced heirs under the law in effect at the time of the testator's death. However, the grand-daughters would have represented their dead father and been entitled to a forced portion under the law in effect when the will was executed. This court must decide, where two bequests are at issue under La. R.S. 9:2501, how the intent of the testator is decided.
The transition statute indicates that the testament should be governed by La. R.S. 9:2501 as a whole, rather than applying different forced heirship laws to individual children or their representatives. The statute, in (B)(1), states that "the testament shall be governed by the law in effect at the time of the testator's death in any of the following instances." This language indicates that the entire testament should be analyzed under the same law and that if any of the instances found in subsections (a), (b), or (c) are included in the testament, then the law in effect at the testator's death governs. As determined in the bequest to Naylor, the testament did contain an instance found in subsection (b). Mrs. Allison's intent can be determined, and her intent was that the law in effect at her death would control. Under the law in effect at Mrs. Allison's death, the granddaughters would not be forced heirs.

CONCLUSION
Inasmuch as the law in effect at the time of Mrs. Allison's death governs her testament, the plaintiffs do not have a cause of action or right of action. The trial court's granting of the exceptions of no cause of action and no right of action is affirmed. Costs are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] In re Succession of Allison, 31,495 (La.App. 2 Cir. 1/29/99), 727 So.2d 683, writ granted, case remanded, XXXX-XXXX (La.3/24/00), 757 So.2d 647.
[2] La. R.S. 9:2501 was amended in 1997, with the amendment to apply only to testaments where the testator dies after July 15, 1997 and the testament is executed before January 1, 1996.
[3] Only his daughter, Melody, filed suit on the issue of being a forced heir.
[4] See Succession of Toncrey, 99-0249 (La. App. 4th Cir. 5/17/00), 763 So.2d 730, in which the Fourth Circuit applied the Boyter decision in similar circumstances, but came up with a different result. In his testament, Mr. Toncrey left all his property to his wife but provided that, if the laws eliminating forced heirship were declared invalid, the wife would receive only the disposable portion of the estate, plus a lifetime usufruct over all his property. His daughters, in that instance, would receive the remainder subject to the usufruct. The appellate court found that under the facts of that case, only (B)(1)(c) of La. R.S. 9:2501 could be applicable. However, since the testator did not omit his forced heirs, the court found that he did not comply with the requirements of that sub-provision, and the law in effect on December 31, 1995 governed the testament.