868 So.2d 54 (2003)
SUCCESSION OF Amber Koenig JONES.
No. 2003 CA 0238.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
Gaynell Mary Jones, Covington, Counsel for Plaintiff/Appellee Gaynell Mary Jones and Succession.
Ronald W. Guth, Slidell, Counsel for Defendants/Appellant Chris James Jones and Tiffany Marie Jones.
Alan M. Cohen, New Orleans, Counsel for Defendant/Appellee Kevin D. Savoie.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
GAIDRY, J.
In this suit, plaintiffs appeal from a trial court judgment sustaining defendants' exceptions of no cause of action and no right of action and dismissing plaintiffs' petition to annul a probated testament. We affirm.

FACTS AND PROCEDURAL HISTORY
Clyde J. Jones and his wife, Amber Koenig Jones, had two children, Gaynell M. Jones and Rickie J. Jones. Rickie J. Jones died on January 6, 1982 at the age of 23, survived by two minor children, Tiffany Marie Jones and Chris James Jones.
Amber Koenig Jones executed a will on March 27, 1991. Her will contains a particular legacy to her granddaughter, Tiffany Marie Jones, consisting of all of her jewelry. The disposable portion of the rest of her estate, as well as the usufruct of the forced portion of her estate, is bequeathed to her husband, Clyde J. Jones. The balance of her estate, subject to the usufruct of Clyde J. Jones, is bequeathed to her daughter, Gaynell Jones. In the event that Clyde J. Jones predeceases Amber Koenig Jones, the will provides that Gaynell should inherit the entire estate, subject to the particular legacy to Tiffany Marie Jones.
*55 Amber Koenig Jones died on October 9, 2000. Her succession was opened on February 16, 2001 by Gaynell M. Jones, and a judgment of possession was signed that same day. In the judgment of possession, Tiffany Marie Jones was recognized as a particular legatee and sent into possession of all of Amber Koenig Jones's jewelry. Gaynell M. Jones was recognized as the universal legatee, since Clyde J. Jones had predeceased Amber Koenig Jones, and was sent into possession of the remainder of the estate. In particular, Gaynell M. Jones was decreed owner of a certain piece of immovable property, which she sold to Kevin Savoie on October 29, 2001.
On January 18, 2002, Tiffany Marie Jones and Chris James Jones filed a petition to annul Amber Koenig Jones's probated testament, alleging that they were entitled to their father's forced portion of Amber Koenig Jones's estate. They also sought an order recognizing each of them as owner of an undivided one-eighth (1/8th) interest in the immovable property sold to Kevin Savoie.
Gaynell M. Jones and Kevin Savoie filed exceptions of no right of action and no cause of action. After a hearing, the trial court concluded that the grandchildren were not forced heirs and granted the exceptions, dismissing their suit with prejudice.
It is from this October 9, 2002 judgment that Tiffany Marie Jones and Chris James Jones appeal, alleging that the trial court erred in finding that they were not forced heirs.

DISCUSSION

Standard of Review
Trial court rulings sustaining exceptions of no cause of action and no right of action are reviewed de novo on appeal because both involve questions of law. Industrial Companies, Inc. v. Durbin, 02-0665, pp. 6-7 (La.1/28/03), 837 So.2d 1207, 1213; Jackson v. St. Helena Parish Sheriff's Dep't, 01-2792, p. 2 (La.App. 1 Cir. 11/8/02), 835 So.2d 842, 844.

Forced Heirship
To aid in the transition between the old and new laws of forced heirship, the legislature enacted La. R.S. 9:2501 to deal with the issue of whether or not a testator intended the new forced heirship laws to apply to his succession:
§ 2501 Construction of testaments executed prior to January 1, 1996
If a person dies testate after July 15, 1997, and the testament is executed before January 1, 1996, then the testator's intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator's death in any of the following instances:
(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator's death.
(b) When the testament leaves to the forced heir an amount less than the legitime under the law in effect at the time the testament is executed.
(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.
(2) That in all other instances the testament shall be governed by the law in effect at the time the testament was executed.

*56 * * *
La. R.S. 9:2501 was repealed by Acts 2001, No. 560, § 2, effective June 22, 2001. However, by its own wording the act repealing La. R.S. 9:2501 does not apply to successions which have been judicially opened prior to the enactment of the act. Amber Koenig Jones's succession was judicially opened on February 16, 2001; therefore, Acts 2001, No. 560, § 2 is not applicable to her succession, and we must apply La. R.S. 9:2501 to determine the applicable law of forced heirship.
Amber Koenig Jones made a particular bequest to Tiffany Marie Jones of her jewelry, which was less than the amount of her legitime under the law in effect at the time the will was executed. Thus, Tiffany Marie Jones falls under La. R.S. 9:2501(1)(b).
Chris James Jones was omitted entirely from Amber Koenig Jones's will. In In re Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122, the Louisiana Supreme Court held that La. R.S. 9:2501(1)(a), (b), and (c) all require actual verbiage in the testament indicating an intent to cut off the forced heir's right of reduction. Mere omission of a forced heir is not sufficient. Id. at 1131-1132. Chris James Jones argues that because he was omitted entirely from the testament, La. R.S. 9:2501(2) applies, and the law at the time the testament was executed governs. Under the law applicable at the time the testament was executed, Chris James Jones would receive his father's forced portion by representation. We disagree that the law at the time the testament was executed governs.
In In re Succession of Allison, 31,495 (La.App. 2 Cir. 9/14/00), 766 So.2d 778, a case factually similar to the instant case, the court held that the transition statute indicates that the testament should be governed by La. R.S. 9:2501 as a whole, rather than applying different forced heirship laws to individual children or their representatives. Subsection (B)(1) of the statute states that "the testament shall be governed by the law in effect at the time of the testator's death in any of the following instances." This language indicates that the entire testament should be analyzed under the same law and that if any of the instances found in subsections (a), (b), or (c) are included in the testament, then the law in effect at the testator's death governs. Allison, 31,495 p. 6, 766 So.2d at 782.
Amber Koenig Jones's testament contained a particular legacy to Tiffany Marie Jones that satisfied the requirements of La. R.S. 9:2501(B)(1)(b). Therefore, under La. R.S. 9:2501, her entire testament is to be governed by the law in effect at the time of her death.
At the time of Amber Koenig Jones's death on October 9, 2000, La. C.C. art. 1493 provided the following with respect to forced heirship:
A. Forced heirs are descendants of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger or descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.
B. When a descendant of the first degree predeceases the decedent, representation takes place for purposes of forced heirship only if the descendant of the first degree would have been twenty-three years of age or younger at the time of the decedent's death.
C. However, when a descendant of the first degree predeceases the decedent, representation takes place in favor of any child of the descendant of the first degree, if the child of the descendant of the first degree, because of mental incapacity *57 or physical infirmity, is permanently incapable of taking care of his or her person or administering his or her estate at the time of the decedent's death, regardless of the age of the descendant of the first degree at the time of the decedent's death.
D. For purposes of this Article, a person is twenty-three years of age or younger until he attains the age of twenty-four years.
Tiffany Marie Jones and Chris James Jones are not descendants of the first degree. Thus, they would only be forced heirs if their father, Rickie J. Jones, would have been twenty-three years of age or younger at the time of Amber Koenig Jones's death or if they were permanently incapable of taking care their persons or administering their estates at the time of Amber Koenig Jones's death because of mental incapacity or physical infirmity. La. C.C. art. 1493(B) and (C). Since Rickie J. Jones died in 1982 at the age of twenty-three, he would be well over the age of twenty-three at the time of Amber Koenig Jones's death. Additionally, neither Tiffany Marie Jones nor Chris James Jones has alleged that they are incapable of caring for their persons or estates. Thus, they are not forced heirs.

DECREE
Since we have determined that Tiffany Marie Jones and Chris James Jones are not forced heirs, they have no cause of action or right of action. The October 9, 2002 trial court judgment granting the exceptions of no cause of action and no right of action is affirmed. Costs of this appeal are assessed to Tiffany Marie Jones and Chris James Jones.
AFFIRMED.