893 So.2d 98 (2005)
SUCCESSION OF Noel RICKS
No. 2003 CA 2580.
Court of Appeal of Louisiana, First Circuit.
November 10, 2004.
Rehearing Denied February 22, 2005.
William M. Magee, Charlene Ory Kazan, Covington, Counsel for Plaintiff/Appellant The Ricks Children.
Marcella Ziiflie, Delbert G. Talley, Covington, Counsel for Defendant/Appellee Aleta Graves Ricks.
Brian D. Roth, Mandeville, Counsel for Plaintiff F. Pierre Livaudais, Former Provisional Administrator.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
This is an appeal from a trial court judgment granting an exception of no right of action. We reverse.

FACTS AND PROCEDURAL HISTORY
In Noel Ricks' Last Will and Testament dated May 17, 1996, he bequeathed half of his estate to his wife, Aleta Graves Ricks, and the remainder of his estate to his four children ("the Ricks children"), subject to Aleta's usufruct. Noel also appointed Aleta Testamentary Executrix in that will. Noel and Aleta were divorced on May 18, 2000. Under La. C.C. art. 1608, the revocation of a legacy or other testamentary provision occurs when the testator is divorced from the legatee after the testament is executed and at the time of his death, unless the testament provides to the contrary. However, on January 30, 2001, *99 several hours prior to Noel's death, Aleta remarried Noel in his hospital room.
The Ricks children filed a rule to remove Aleta as Testamentary Executrix and expressed their intention to nullify the marriage, alleging that Aleta took advantage of Noel's infirmity to regain her status as a legatee when she remarried him hours before his death.[1] Aleta filed an exception of no right of action, alleging that the Ricks children could not bring an action to nullify the marriage.
At a hearing on Aleta's exception and the Ricks children's rule to remove, the trial court suspended Aleta's appointment as Executrix and appointed Pierre Livaudais, an attorney, as Provisional Administrator of the Succession. Aleta's exception of no right of action was continued without date.
On April 17, 2001, the Ricks children filed a petition to nullify the remarriage of Noel and Aleta, sought declaratory judgments as to the civil effects of the marriage, and sought to revoke the testamentary provisions concerning Aleta. On April 18, the Provisional Administrator filed a motion seeking declaratory judgment as to the validity of the marriage. Aleta again filed an Exception of No Right of Action to the Ricks children's petition for nullity.
The trial court denied Aleta's exception on September 10, 2001. On June 11, 2002, after a remand by the Louisiana Supreme Court, the First Circuit granted writs and reversed the ruling of the trial court, citing La. C.C.P. art. 685 for the proposition that the proper party plaintiff to bring the action to have the marriage annulled is the succession representative. Aleta then sought consideration of the First Circuit's decision by the Louisiana Supreme Court, arguing that the succession representative does not have a right of action to have the marriage annulled. The Louisiana Supreme Court denied writs.
Aleta then filed exceptions of no cause of action and/or no right of action to the Provisional Administrator's April 18, 2001 motion for declaratory judgment as to the validity of the marriage. Aleta argued that the action for nullity is strictly personal to Noel, and that the right of action to raise the nullity of the marriage died with him. The trial court granted Aleta's Exception of No Right of Action as to the Provisional Administrator in a judgment signed November 12, 2002. The Provisional Administrator filed a petition on November 12, asking the trial court for authority to seek a writ of review and also asking the trial court to stay any further proceedings pending consideration of the writ. The trial court denied the Provisional Administrator's petition and removed him as Provisional Administrator and reinstated Aleta as executrix. The Ricks children also filed a motion seeking a stay of proceedings pending their writ application to the First Circuit, which the trial court denied. The writ application was denied by the First Circuit on November 19 because the trial court's ruling that the Provisional Administrator had no right of action was an appealable judgment. The Ricks children then filed this appeal, assigning the following trial court errors:
1. The trial court improperly considered this issue when the First Circuit had already issued a ruling on the matter.
2. The trial court erred in granting Aleta's exception of no right of action to the Provisional Administrator's motion *100 for declaratory judgment on the validity of the marriage on the grounds that it was a strictly personal action.

DISCUSSION
Trial court rulings sustaining exceptions of no right of action are reviewed de novo on appeal because they involve questions of law. Industrial Companies, Inc. v. Durbin, 02-0665, pp. 6-7 (La.1/28/03), 837 So.2d 1207, 1213; In re Succession of Jones, 03-0238, p. 3 (La.App. 1 Cir. 11/7/03), 868 So.2d 54, 55.
Louisiana Civil Code article 95 states that a marriage is relatively null when the consent of one of the parties to marry is not freely given, and such a marriage may be declared null upon application of the party whose consent was not free. Consent is not free when given under duress or when given by a person incapable of discernment. La. C.C. art. 95, eff. January 1, 1988. The right to demand the nullity of such a marriage is personal to the spouse whose consent was not free and does not pass on to his heirs. Ducasse's Heirs v. Ducasse, 120 La. 731, 45 So. 565 (1908).
The trial court's ruling that the Provisional Administrator had no right of action to nullify the marriage was based upon its holding that "the right of action [to have the marriage declared a nullity] is personal to the party to the marriage and abates upon his demise. It cannot be initiated by the succession representative." The trial court cites no authority for this holding, despite the fact that it was contrary to the First Circuit's prior statement in this case that the succession representative is the proper party plaintiff to bring an action to have this marriage declared a nullity. Although the Louisiana Supreme Court noted in a 1934 case[2] that a "voidable marriage is valid for all purposes until avoided or annulled ... in a direct proceeding during the lifetime of the parties," this case was decided before the enactment of La. C.C.P. art. 685, which provides that the succession representative is the proper plaintiff to sue to enforce a right of the deceased, whether the action is personal, real, or mixed.[3] The Official Revision Comments to this article state that the language employed in the article is emphatic enough to indicate clearly the legislative intent to overrule all cases to the contrary. Therefore, we find, as this court previously noted in the June 11, 2002 writ, that the succession representative is the proper plaintiff to bring an action to have the marriage declared a nullity. The trial court erred in finding that the Provisional Administrator had no right of action to pursue this claim.

DECREE
For the above reasons, we reverse the judgment of the trial court granting defendant Aleta Graves Ricks' exception of no right of action. Costs of this appeal are to be borne by Aleta Graves Ricks.
REVERSED.
NOTES
[1] The Ricks children alleged that at the time of the remarriage, Noel was under heavy sedation for severe pain and his white blood cell count was elevated to such high levels that he lacked the mental capacity to enter into the contract of marriage.
[2] Succession of Barth, 178 La. 847, 152 So. 543 (1934).
[3] La. C.C.P. art. 685 was enacted in 1960 with the adoption of the Louisiana Code of Civil Procedure.