hTHIBODEAUX, Judge.
Defendants, Labor Express and its insurer, Louisiana Workers’ Compensation Corporation (LWCC), appeal a judgment of the Office of Workers’ Compensation awarding penalties plus $7,500.00 attorney’s fees in this workers’ compensation proceeding. Plaintiff, Larry Redman, answers the appeal requesting additional attorney’s fees. We amend the total award of attorney’s fees to $12,- *1120 500.00, but otherwise affirm the judgment of the hearing officer.

\ ¡FACTS

It is undisputed that Mr. Redman sustained a back injury on January 15, 1994, while employed by Labor Express as a garbage hopper for Waste Management in Natchitoches, Louisiana. Mr. Redman injured his back while hauling garbage from a residence to the garbage truck. As a result of his injury, Mr. Redman was transported to the Natchitoches Parish Hospital and later referred to Dr. John Sandifer, a local orthopedist.
Mr. Redman treated continuously with Dr. Sandifer from February 2,1994 until May 18, 1994. Through his evaluation and treatment of Mr. Redman, Dr. Sandifer diagnosed several problems Mr. Redman experienced as a result of his accident at work. The doctor noted a decrease in Mr. Redman’s L-5, S-l disc space. Mr. Redman complained about back pain as well as left hip and leg pain. At this point Dr. Sandifer recommended Mr. Redman not return to work. An MRI ordered on March 2, 1994, revealed a narrowing of the L-d/5 and L-5, S-l disc space which indicated disc degeneration and moderate disc bulge. The MRI findings were consistent with Mr. Redman’s left leg pain. Dr. Sandifer recommended that Mr. Redman still not return to work. On Mr. Redman’s April 19, 1994 visit, Dr. Sandifer noted that Mr. Redman’s diabetic condition could make his nerves more sensitive to pressure; however, the EMG and nerve conduction tests revealed no abnormalities. Dr. Sandifer explained that nerve problems caused by diabetic conditions are not always revealed on those tests. By May 18, 1994, Dr. Sandifer was hopeful that in six weeks Mr. Redman would be able to return to some form of employment; however this prognosis was dependent upon a re-evaluation of Mr. Red-man’s condition at the end of that six week period. Thus, as of May 18,1994, Dr. Sandi-fer had not released Mr. Redman to work.
| aWhile still under Dr. Sandifer’s care, Mr. Redman was incarcerated on May 25, 1994 for driving while intoxicated. He remained incarcerated until August 22, 1994. Upon learning of Mr. Redman’s incarceration, LWCC terminated his workers’ compensation benefits. Prior to his incarceration, on or about May 18, 1994, Mr. Redman’s supervisor, Eugene Thigpen, saw Mr. Redman fishing. Mr. Thigpen photographed Mr. Redman’s fishing activities. Dr. Sandifer testified that he told Mr. Redman to try to exercise.
Sometime during the first week of June, 1994, a woman claiming to be Mr. Redman’s wife called LWCC and asked about the termination of Mr. Redman’s benefits. The woman further claimed that she and her children were dependents of Mr. Redman and in need of the workers’ compensation benefit payments. After being told that a hearing officer would have to determine if benefits were to be paid on the basis of dependent status, no one attempted to call the claims adjuster at LWCC. The benefits were not resumed to the dependents. The claims adjuster for LWCC had in her possession copies of birth certificates of Mr. Red-man’s alleged minor children. However, Mr. Redman was not named as the father on either birth certificate.
Following Mr. Redman’s release from jail, LWCC did not resume his benefit payments but instead told Mr. Redman to return to Dr. Sandifer because Diana Winston, LWCC’s claims adjuster, believed that Mr. Redman’s condition had improved. She explained that if Dr. Sandifer or another doctor of his choice further disabled him, benefits would be reinstated immediately.
August 25, 1994, was Mr. Redman’s last visit with Dr. Sandifer. On that visit the doctor re-examined Mr. Redman and released him to work with certain restrictions. Mr. Thigpen consulted with Ken Brister, a vocational rehabilitation ^consultant, in order to obtain .an accurate job description. Mr. Thigpen presented a job description to Dr. Sandifer. Based on Mr. Brister’s job description, Dr. Sandifer released Mr. Redman to return to his previous employment. However, the job description did not accurately reflect all of the physical aspects of Mr. Redman’s job as a garbage hopper. In his deposition, Dr. Sandifer stated the restrictions placed on Mr. Redman’s physical activi *1121 ties precluded his return to work as a garbage hopper.
Following a trial on the merits, the hearing officer concluded that Mr. Redman was entitled to reinstatement of his temporary total disability (TTD) benefits from the time of his incarceration on May 25, 1994, and continuing through the date of his release from jail in August of 1994. The benefits were to be paid to Mr. Redman’s wife and dependent children. Further, the hearing officer found that Mr. Redman was entitled to supplemental earnings benefits (SEB) from August 25, 1994, until March 1, 1995, based on zero earnings.
Finally, the hearing officer concluded that LWCC’s action in failing to reinstate benefits to Mr. Redman was arbitrary, capricious and without probable cause. In accordance with this conclusion, the hearing officer assessed LWCC with statutory penalties and attorney’s fees in the amount of $7,500.00. LWCC has appealed the portion of the judgment decreeing it liable for penalties and attorney’s fees. It assigns as manifest error the hearing officer’s finding that LWCC is liable for penalties and attorney’s fees. Counsel for Mr. Redman answered the appeal seeking an increase in attorney’s fees.

LAW AND DISCUSSION

Penalties and Attorney’s Fees
LWCC claims that Mr. Redman is not entitled to penalties and attorney’s fees in the present case. We disagree.
| ..¡Louisiana Revised Statute 23:1201(F) allows the Office of Workers’ Compensation (OWC) to assess a twelve percent penalty or fifty dollars per calendar day, whichever is greater, for non-payment of worker’s compensation benefits unless the employer or the insurer “reasonably controverted” the employee claimant’s right to workers’ compensation benefits. Under La. R.S. 23:1201.2, a worker’s compensation claimant is entitled to reasonable attorney’s fees if discontinuance of benefit payments is found to be arbitrary, capricious, or without probable cause. Hood v. C.J. Rogers, Inc., 94-1162 (La.App. 3 Cir. 3/8/95); 654 So.2d 371. “The purpose for attorney’s fees and penalties is to combat indifference by employers and insurers toward injured employees.” Id. at 374.
Whether an employer or insurer should be cast with sanctions is a question of fact subject to the manifest error, clearly wrong rule. Thibodeaux v. L.S. Womack, Inc., 94-1375 (La.App. 3 Cir. 4/5/95); 653 So.2d 123. An employer or insurer is arbitrary and capricious in terminating benefits if the medical evidence was clear and uncon-troverted that the employee was at least partially disabled. Rachal v. Crown Store Equipment Co., 93-1602 (La.App. 3 Cir. 6/1/94); 640 So.2d 730. The basis of the hearing officer’s assessment of penalties and attorney’s fees against LWCC was its refusal to resume benefit payments upon Mr. Red-man’s release from incarceration.
Ms. Winston, a claims adjuster for LWCC assigned to handle Mr. Redman’s claim on behalf of LWCC, testified that the sole basis for discontinuing benefits was a report from Dr. Sandifer about his May 18, 1994, visit with Mr. Redman prior to Mr. Redman’s incarceration. Dr. Sandifer’s report stated he expected Mr. Redman’s back problems to resolve in six weeks. However, Dr. Sandifer testified that his prognosis of Mr. Redman’s recovery was predicated upon [¿further physical evaluation at the end of the six week time period. Ms. Winston testified that she felt that since Mr. Redman was incarcerated and fairly inactive that his back healed. In fact, Dr. Sandifer testified, the lack of physical movement and exercise during Mr. Red-man’s incarceration probably made his back condition worse.
Whether or not a termination of benefits is arbitrary, capricious or without probable cause depends primarily on the facts known to the employer or insurer at the time of its action terminating the benefits. Miles v. F.D. Shay Contractor, Inc. & CNA, 626 So.2d 74 (La.App. 3 Cir.1993). This court further stated in Miles “[a]n injured employee may not be cut off from compensation benefits on the basis of inconclusive medical reports.” Id. at 78. Moreover, it is incumbent upon the insurer to make reasonable efforts to ascertain the employee’s exact *1122 medical condition at the time benefits are terminated. Id. There were two pieces of information in the possession of LWCC with regard to Mr. Redman’s physical condition. The first was Dr. Sandifer’s report of his visit with Mr. Redman on May 18,1994, prior to Mr. Redman’s incarceration. At this time, Dr. Sandifer still considered Mr. Redman to be disabled but expected his condition to improve by the end of six-weeks. The next was Dr. Sandifer’s report regarding his August 25, 1994, visit with Mr. Redman. This visit took place after Mr. Redman’s release from jail. In that report Dr. Sandifer opined Mr. Redman could return to some form of gainful employment; however, he placed restrictions on the physical activities he could perform. Thus, the medical evidence at the time LWCC failed to resume Mr. Redman’s benefit payments after his release from jail, clearly and without contradiction revealed that Mr. Redman was at least partially disabled. An employer or insurer may not proceed with an attitude of indifference to the injured employee’s situation. Thibodeaux, 653 So.2d 123. Therefore, we conclude that the hearing ^officer was not manifestly erroneous in finding that the actions of LWCC were arbitrary, capricious and without probable cause when it discontinued Mr. Redman’s compensation benefits when the medical evidence revealed that Mr. Redman was at least partially disabled. Thus, the hearing officer was correct in assessing penalties and attorney’s fees against LWCC.
Answer to Appeal
Mr. Redman’s counsel requests additional attorney’s fees for his efforts in obtaining benefits for Mr. Redman and for the time spent on appeal. The hearing officer awarded Mr. Redman $7,500.00 in attorney’s fees. A hearing officer’s decision on the amount awarded in attorney’s fees should not be reversed unless this court finds an abuse of the hearing officer’s discretion. A worker’s compensation claimant is entitled to increased attorney’s fees to reflect additional time incurred in defending employer/insurer’s unsuccessful appeal. Hickman v. Allstate Timber Co., 94-1275 (La.App. 3 Cir. 4/5/95); 653 So.2d 154, writ denied, 95-1133 (La.6/23/95); 656 So.2d 1017.
We have reviewed the records involved in these proceedings and note the high level of preparedness exhibited by Mr. Redman’s counsel, whom Mr. Redman was forced to engage when LWCC unfairly terminated his benefits and without whom he would not have received the benefit payments to which he was entitled. We believe total attorney’s fees of $12, 500.00 for efforts spent thus far are warranted.

CONCLUSION

For the foregoing reasons, the judgment of the hearing officer is affirmed, except to amend the total award of attorney’s fees to $12,500.00, for legal 1 ^services to date. Costs of this appeal are assessed to defendant-appellant, Louisiana Workers’ Compensation Corporation.
AMENDED AND AFFIRMED.
AMY, J., dissents.