783 So.2d 619 (2001)
Donna LANDRY
v.
PHYSICIANS PRACTICE MANAGEMENT, COLUMBIA/HCA.
No. 00-1298.
Court of Appeal of Louisiana, Third Circuit.
April 4, 2001.
*621 Michael B. Miller, Crowley, LA, Counsel for Plaintiff/Appellant: Donna Landry.
Patrice W. Oppenheim, Reich, Meeks & Treadaway, Metairie, LA, Counsel for Defendant/Appellee: Physicians Practice Management, Columbia/HCA.
Court composed of DOUCET, C.J., and THIBODEAUX and WOODARD, Judges.
THIBODEAUX, Judge.
The defendant, Physicians Practice Management, Columbia/HCA (hereinafter "PPM"), appeals the judgment of the Office of Workers' Compensation in favor of plaintiff, Mrs. Donna Landry. Mrs. Landry was employed by PPM as a supervising nurse. Mrs. Landry contends she suffered an accident, as defined by La.R.S. 23:1021, which resulted in her contracting Epstein Barr virus (hereinafter "EBV") and being hospitalized. Mrs. Landry further contends the EBV has prevented her from any type of gainful employment. The workers' compensation judge found that Mrs. Landry proved her contraction of EBV was related to a work place accident and awarded supplemental earnings benefits in the amount of $350.00 per week, based upon a zero earning capacity. She further determined that Mrs. Landry was entitled to penalties on all past due indemnity benefits and penalties on all unpaid medical expenses, and attorney fees in the amount of $10,750.00.
We affirm for the following reasons.

I.

ISSUES
The issues presented for review are: (1) whether Mrs. Landry proved her contraction of EBV was related to a work place accident; (2) whether the workers' compensation judge was manifestly erroneous in finding Mrs. Landry was entitled to supplemental earnings benefits in the amount of $350.00 per week, based upon a zero earning capacity, beginning June 22, 1998; and, (3) whether the workers' compensation judge was manifestly erroneous in finding Mrs. Landry was entitled to penalties on all past due indemnity benefits and on all unpaid medical expenses, and attorney fees.

II.

FACTS
Mrs. Donna Landry was a supervising nurse employed by PPM from August 1995 until August 1, 1998. PPM was owned by Columbia/HCA. Mrs. Landry filed a claim for workers' compensation benefits alleging she contracted EBV while working for PPM.
Mrs. Landry also alleges that since contracting EBV she has been prevented from holding any type of gainful employment. Thus, she brought a claim for workers' compensation benefits, claiming she was entitled to temporary total disability benefits, payment of her medical expenses, and penalties and attorney fees because of PPM's failure to pay temporary total disability benefits or medical expenses.

*622 III.

LAW AND DISCUSSION

Standard of Review
The appellate court's standard of review in a workers' compensation case is governed by the manifest error or clearly wrong standard. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). This standard precludes setting aside a trial court's finding of fact in absence of a manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). In applying the manifest errorclearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987); Rosell, 549 So.2d 840; Stobart, 617 So.2d 880. The reviewing court is compelled to review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Id. The Supreme Court has emphasized that it is crucial that the reviewing court keep in mind that "if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).

Epstein Barr VirusWork Place Accident
It is well established that the workers' compensation act is remedial in nature. In order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee. Breaux v. Travelers Ins. Co., 526 So.2d 284 (La.App. 3 Cir.1988). Provisions of the workers' compensation law should be liberally construed in favor of the claimant. Lester v. Southern Cas. Ins. Co., 466 So.2d 25 (La.1985).
In June of 1998, Mrs. Landry became extremely ill and was treated at Dauterive Hospital. After medical testing was performed, she was diagnosed with EBV. EBV is the virus that causes infectious mononucleosis. Mrs. Landry contends her contraction of EBV is a work-related accident. Louisiana Revised Statutes 23:1021(1) defines an accident as follows:
"Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
Mrs. Landry's job at PPM was to escort patients from the waiting room, weigh them, check vital signs, go into the examining room with the doctors and patient for the doctor's evaluation of the patient, draw blood, perform tests, grow cultures, assist in minor surgery, and perform special procedures such as spirometry, EKG analysis, urinalysis, holter monitors and bone density checks. Mrs. Landry did this on a daily basis as part of her job. While fulfilling her job responsibilities, Mrs. Landry was exposed to patients with varying types of diseases and illnesses. Mrs. Landry testified at trial that, on a routine basis, she was coughed on, vomited on, spat on and sneezed on. Dr. Brent Allain, Mrs. Landry's supervising physician, testified in deposition that EBV can be transferred by close contact with an infected patient. Dr. Allain testified "[i]f you had a patient with Epstein Barr virus, EBV we'll call it, and you were in close contact with that patient, coughing could be one of them. You know, mononucleosis could be called kissing sickness, *623 so anything close contact like that you can be exposed to it."
A workers' compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained injury. Holiday v. Borden Chemical, 508 So.2d 1381 (La.1987). A worker's testimony alone may be sufficient to discharge this burden of proof if no other evidence discredits or cast serious doubt on the worker's version of the accident, and if the worker's testimony is corroborated by the circumstances following the incident. Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992).
Mrs. Landry has established by a preponderance of the evidence that an accident occurred on the job and that she sustained an injury. Her testimony was corroborated by both Dr. Allain and Dr. Horton, her supervising physicians. Dr. Allain testified by deposition that he specifically treated two patients with acute mononucleosis in the four to six weeks prior to the onset of Mrs. Landry's symptoms. The testimony and evidence established that there is a four to six week gestation period before the symptoms of EBV appear in the patient. Because Mrs. Landry is not involved in the diagnosis of patients, she was unable to identify the two patients with mononucleosis. The billing records of PPM failed to identify the two patients with mononucleosis that Dr. Allain treated. However, Dr. Allain explained that the diagnosis probably occurred after blood test were returned and, thus, after the initial diagnosis which would have been recorded on PPM's files the day the patient was treated.
No other evidence was introduced at trial which would reasonably explain Mrs. Landry's contraction of EBV. Mrs. Landry testified at trial that she was unaware of any exposure to the virus outside of her work at PPM. Mrs. Landry's husband also testified that neither he nor their son has ever been infected nor has he known anyone to be infected with EBV. Dr. Allain and Dr. Randall Horton, also employed by PPM, testified by deposition, that Mrs. Landry's EBV was work-related. Also, Dr. Carl Ditch was of the opinion that Mrs. Landry's contraction of EBV was work-related. Dr. Ditch in a letter dated September 13, 1998, stated that Mrs. Landry's EBV most likely was contracted at her place of employment. Even Dr. Tuan Nguyen, who testified on behalf of PPM at trial, testified that there was nothing in Mrs. Landry's file that would indicate her contraction of EBV was not work-related. The only opinions which question Mrs. Landry's contraction of EBV were rejected by the workers' compensation judge in favor of the very persuasive testimony of Dr. Allain. The trial court accepted Dr. Allain's testimony "without reservation."
While Mrs. Landry could not identify a specific instance of a patient with mononucleosis coughing, spitting or vomiting on her, the evidence does establish she had frequent contact with patients and their bodily fluids. Furthermore, Mrs. Landry does not have to isolate the exact day and the exact patient she contracted EBV from that caused her injury. In Ricaud v. Holloway Sportswear, Inc., 98-1442 (La.App. 3 Cir. 5/26/99); 741 So.2d 124, writ denied, 99-1882 (La.10/1/99); 748 So.2d 455, the plaintiff reported an injury to her right arm stemming from the repetitive motions involved in performing her job. The plaintiff could not isolate the exact repetitive motion that caused her injury. This Court held that the plaintiff did not have to isolate the exact repetitive motion that caused her injury. "[H]er inability to do so is not unreasonable under the circumstances; in other words, absent any significant contradictory evidence, it *624 does not cast suspicion as to the accident or incident causing injury." Id. at p. 14; 741 So.2d at 134. The Workers' Compensation Act was instituted, namely, to provide relief to employees whose work has caused them injury. This is a case where an employee suffered an accident as defined in La.R.S. 23:1021 and relief must be awarded.
In light of Mrs. Landry's testimony and corroborating testimony of Dr. Allain, we find no manifest error in the trial court's determination that Mrs. Landry indeed did suffer an injury compensable under the Louisiana Workers' Compensation Act.

Claimant is Entitled to Supplemental Earnings Benefits
In order to recover supplemental earnings benefits, an employee must first prove by a preponderance of the evidence that he is unable to earn wages equal to ninety percent or more of the wages he earned before the accident. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Peveto v. WHC Contractors, 93-1402 (La.1/14/94); 630 So.2d 689.
When an employee's partial disability is such that he is unable to earn wages equal to ninety percent or more of the wages he was earning at the time of the injury, then the employee is entitled to supplemental earnings benefits, calculated according to a formula relating to his preinjury wages and the wages he is able to earn in any employment or self-employment after the injury. La.R.S. 23:1221(3)(a); Allen v. City of Shreveport, 618 So.2d 386 (La.1993).
Once the employee has satisfied this burden, then the burden shifts to the employer to establish the employee is earning less than he is able to earn by showing the employee is physically able to perform a certain higher paying job and that the job was offered to him or was available to him in a reasonable geographic location. La. R.S. 23:1221(3)(c)(i); Allen, 618 So.2d 386.
PPM contends Mrs. Landry is not entitled to supplemental earnings benefits because she failed to prove she is not capable of earning ninety percent of her pre-injury average weekly wage. We disagree. In awarding supplemental earnings benefits based on a zero earnings calculation, the workers' compensation judge found Mrs. Landry's contraction of EBV has prevented her from working full time.
Some of the prolonged symptoms of EBV are fever and fatigue. Mrs. Landry still suffers from fatigue which she contends prevents her from working. Dr. David A. Rinaldi, one of the physicians assisting in Mrs. Landry's medical treatment, testified that he spoke with an infectious disease specialist who indicated that chronic fatigue syndrome is not thought to be caused by EBV. However, fatigue is a known symptom of EBV and is what Mrs. Landry is currently suffering with. Dr. Rinaldi is prescribing the drug Ratalin to help alleviate Mrs. Landry's symptoms.
Dr. Rinaldi also testified that Mrs. Landry may now be able to perform some work but could probably not work a full day and when she was having a bad day, she could not work at all. Dr. Allain testified that Mrs. Landry should not be working at all. Dr. Allain also testified he would not employ Mrs. Landry due to her weakened immunity. Mrs. Landry testified at trial that she felt she could not work because of the fatigue, fever, swollen glands and other aches and pains associated with her EBV infection. The workers' compensation judge found no evidence of suitable employment for Mrs. Landry.
We have determined Mrs. Landry established the causation of her accident as defined by La.R.S. 23:1021 by a preponderance of the evidence. We also find that Mrs. Landry has proven by a preponderance *625 of the evidence that she is unable to earn wages equal to ninety percent or more of her pre-injury wages. Before Mrs. Landry was diagnosed with EBV, she was earning $948.37 every two weeks.
When the employee is not working or is earning less than the employee is able to earn as the result of a job-related disability, then it is the employer's burden to establish earning capacity. Pinkins v. Cardinal Wholesale Supply Inc., 619 So.2d 52 (La.1993); Hebert v. Grey Wolf Drilling Co., Inc., 611 So.2d 674 (La.App. 3 Cir. 1992). PPM did not present any evidence relating to Mrs. Landry's employability. Because PPM did not meet the burden imposed under La.R.S. 23:1221(3)(c)(i), we find the workers' compensation judge correctly awarded Mrs. Landry supplemental earnings benefits based upon a zero earnings calculation.

Penalties and Attorney Fees
The workers' compensation judge found PPM failed to reasonably controvert Mrs. Landry's entitlement to compensation. An award of penalties and attorney fees depends on the facts known to the employer at the time of its action. Redman v. Labor Exp., 96-228 (La.App. 3 Cir. 10/9/96); 688 So.2d 1118, writ denied, 96-2707 (La.1/6/97); 685 So.2d 122. Workers' compensation law provides that an employer may reasonably controvert a disputed claim for medical benefits based on competent medical evidence. La.R.S. 23:1201(F)(2). An "employer must rely on competent medical advice when the decision to deny medical treatment is made." Harrington v. Coastal Const. & Eng'g, 96-681, p. 3 (La.App. 3 Cir. 12/11/96); 685 So.2d 457, 459, writ denied, 97-109 (La.3/7/97); 689 So.2d 1375. A claim is reasonably controverted if the employer has sufficient factual or medical information to reasonably counter the factual and medical information presented by the employee. Our review of the record reveals that PPM did not have sufficient factual and medical information to warrant the denial of compensation and medical benefits.
A utilization review was performed by a subsidiary company of PPM. Based upon the utilization review dated August 31, 1998, Mrs. Landry's claim was denied. The utilization review found that Mrs. Landry did not have a recent EBV infection. PPM relied solely on this utilization review to deny Mrs. Landry's claim. PPM totally disregarded the opinion of Dr. Allain, Dr. Horton and Dr. Ditch stating that Mrs. Landry had a recent EBV infection and that it was work-related. There was substantial evidence in PPM's possession that Mrs. Landry's EBV infection was contracted at work. The medical testing showed that Mrs. Landry had EBV and that it was a recent infection. The results of the medical testing comports with the testimony of Dr. Allain stating that he treated two patients four to six weeks prior to the manifestation of Mrs. Landry's symptoms. This is consistent with evidence suggesting a four to six week gestation period.
PPM relied solely on the utilization review done by one of its own employee physicians to deny Mrs. Landry her benefits and compensation. PPM did not even advance a reasonable alternative to Mrs. Landry's version of how she contracted EBV. Accordingly, we do not find the workers' compensation judge was manifestly erroneous or clearly wrong in awarding penalties and attorney fees.

IV.

CONCLUSION
For the above reasons assigned, we affirm the judgment of the Office of Workers' *626 Compensation finding Mrs. Landry contracted EBV while in the course and scope of her employment with PPM and finding she was entitled to supplemental earnings benefits. We also affirm the award of penalties and attorney fees for PPM's denial of benefits to Mrs. Landry.
All costs of this appeal are assessed to the defendant/appellant, Physicians Practice Management, Columbia/HCA.
AFFIRMED.