# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1107

**MICHAEL TAUZIN**

**VERSUS**

**LOUISIANA PIGMENT COMPANY**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 03
PARISH OF CALCASIEU, NO. 02-06396
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

John Stanton Bradford
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
P. O. Box 2900
Lake Charles, LA 70602
Telephone: (337) 436-9491
COUNSEL FOR:
    Defendant/Appellant - Louisiana Pigment Company

Christopher Cameron McCall
Baggett, McCall, Burgess, Watson & Gaughan
3006 Country Club Road
P. O. Box 7820
Lake Charles, LA 70606-7820
Telephone: (337) 478-8888
COUNSEL FOR:
    Plaintiff/Appellee - Michael Tauzin

THIBODEAUX, Chief Judge.

In this workers' compensation case, defendants, Louisiana Pigment and Zurich American Insurance Company, appeal the workers' compensation judge's (WCJ) judgment that plaintiff, Michael Tauzin, sustained an accident in the course and scope of his employment, and that he was entitled to supplemental earnings benefits (SEB). We affirm for the following reasons.

## I.

## ISSUES

We shall consider whether the WCJ was manifestly erroneous in finding that 1) an accident occurred within the course and scope of his employment and 2) Mr. Tauzin was entitled to supplemental earnings benefits.

## II.

## FACTS

Plaintiff, Michael Tauzin, was employed by Louisiana Pigment during the three accidents at issue in this workers' compensation claim. Both parties stipulated that the first accident, which occurred on February 14, 2002, was a work-related accident that resulted in an injury to the plaintiff's ankle. The parties further stipulated that medical bills for treatment of the ankle and out-of-pocket expenses were paid. Two months after this accident, Mr. Tauzin made his first complaint of left knee pain. The second alleged accident occurred on June 21, 2002, when Mr. Tauzin claimed he twisted his knee. A report was completed for this accident, but no medical treatment was sought. The third accident, and the one most at issue, occurred July 28, 2002, when Mr. Tauzin slipped on pigment slurry in the repulp room and was taken to the hospital. Various witnesses and the hospital records state that Mr.

1

Tauzin's knee was swollen and had a small abrasion. Mr. Tauzin contends that he suffered an aggravation of a pre-existing condition to his left knee as a result of the July 28, 2002, accident.

Defendants make much of the fact that all three accidents were unwitnessed, and occurred when Mr. Tauzin was asked to do "outside work" which involves the employees going outside of the console room and working on the equipment that is monitored by the console. In addition, the defendants learned that other employees were betting on Mr. Tauzin's ability to avoid working outside on the date of the third accident. As a result, management became suspicious that the July 28, 2002, incident may have been staged by Mr. Tauzin and began an investigation.

The trial court held that an accident did occur, the defendants did not prove that it was staged, and Mr. Tauzin was entitled to SEB in accordance with the Workers' Compensation Act. It is from this judgment that the defendants appeal.

III.

### LAW AND DISCUSSION

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review." *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840, p. 7 (La. 7/1/97), 696 So.2d 551, 556. Under the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a fact finder's choice between them can never be manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Accordingly, if the trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not

2

reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990).

## *Work-Related Accident*

Louisiana Revised Statutes 23:1031 requires a workers' compensation claimant to initially establish personal injury by accident arising out of and in the course of his employment. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). Louisiana Revised Statutes 23:1021 defines an accident, for purposes of workers' compensation:

> (1) "Accident" means an unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

In *Bryan v. Allstate Timber Co.*, 98-840, pp. 3-4 (La.App. 3 Cir. 12/16/98), 724 So.2d 853, 855, this court discussed the claimant's burden of proving that an accident occurred:

> To recover workers' compensation benefits, a claimant must establish by a preponderance of evidence that an accident occurred on the job site and that an injury was sustained. *Garner v. Sheats & Frazier*, 95-39 (La.App. 3 Cir. 7/5/95); 663 So.2d 57. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. [*Id.*] at 60. The evidence is viewed in a light most favorable to the claimant. When there is proof of an accident and attendant disability, without an intervening cause, it is presumed that the accident caused the disability.

In this case, the WCJ found that there was sufficient evidence to establish that an accident occurred and explained that the "court bases its finding that an accident occurred on the testimony of all the witnesses who came upon the scene after the incident, which testimony establishes that claimant appeared to be in genuine pain." There were also objective findings of injury, including bruising and swelling of the knee, which was observed by the treating emergency room nurse, Sharon Treme. In addition, Dr. Drez, a physician recommended by Louisiana Pigment to Mr. Tauzin, testified that it was more likely than not that Mr. Tauzin's left knee was aggravated by the July 28, 2002, accident which made surgery necessary.

Louisiana Pigment claims that the WCJ erred in finding that the July 28, 2002, accident was not staged and suggests the evidence presented casts serious doubt upon the truthfulness of the claim. It makes note of Mr. Tauzin's lack of credibility, the co-workers' bet that plaintiff would not make it through the day, and his history of avoiding outside work. Given the history of the plaintiff's work ethic, his credibility was at issue, and we certainly entertain some doubt with the report of plaintiff's claim. However, the WCJ's decision as to whether the testimony is credible or not is a factual determination not to be disturbed on review unless clearly wrong or in absence of showing manifest error. *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822 (La.App. 2 Cir.), *writ denied*, 536 So.2d 1200 (La.1988). Here, the WCJ chose to place more emphasis on plaintiff's witnesses, including the treating nurse, and explained that, "the evidence does not preponderate that claimant has staged a July 28 accident." Based on the record, we cannot say that the WCJ's finding was manifestly erroneous. *See Wheat v. Four Star Indus. Contractors, Inc.*, 99-0628 (La.App. 1 Cir. 5/12/00), 761 So.2d 691 (where on review was the issue of whether the claimant's accident was staged).

4

*Supplemental Earnings Benefit*

Supplemental earnings benefits are awarded when a work-related injury prevents the claimant from earning ninety percent of his pre-injury wages. La.R.S. 23:1221(3). In *Daigle v. Sherwin-Williams Co.*, 545 So.2d 1005, 1007 (La.1989), the supreme court stated, "[i]n determining if an injured employee has made out a prima facie case of entitlement to supplemental earnings benefits, the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage." The human resource manager at Louisiana Pigment, Mike Pratt, stated that Mr. Tauzin would not be able to return to his job, which includes going up and down stairs or ladders, because he would not be able to satisfy the job requirements as a result of his disability. Dr. Drez explained that this type of activity would cause his knee to be more symptomatic. Mr. Tauzin has not worked since being discharged from Louisiana Pigment.

"When the employee is not working or is earning less than the employee is able to earn as the result of a job-related disability, then it is the employer's burden to establish earning capacity." *Landry v. Physicians Practice Management*, 00-1298, p. 8 (La.App. 3 Cir. 4/4/01), 783 So.2d 619, 625, *writ denied*, 01-1336 (La. 6/22/01), 794 So.2d 792; La.R.S. 23:1221(3)(c)(i). Under the circumstances, Mr. Tauzin's status as unemployed shifts the burden of proof of production to the employer to show that the employee is physically able to perform a certain job and that the job was available to the employee in the community or reasonable geographic regions. *See Daigle*, 545 So.2d 1005 (La.1989).

In *Banks*, the supreme court concluded that an employer may discharge its burden by establishing, at a minimum, the following through competent evidence: 1) the existence of a suitable job within the employee's or the employer's community

or reasonable geographic region; 2) the amount of wages that an employee with the claimant's experience and training can be expected to earn in that job; and 3) an actual position is available for that particular job at the time that the claimant received notification of the job's existence.

Louisiana Pigment failed to introduce any evidence to prove the likely wage of Mr. Tauzin as a result of the disability and provided no evidence to establish that a suitable job existed within the geographical area. We also note that there was no vocational rehabilitation counselor utilized. The WCJ was legally correct in finding that the defendants failed to carry their burden of production and factually correct in interpreting the facts because no evidence was produced to support their claim. Consequently, we affirm the trial court's judgment allowing Mr. Tauzin SEB.

IV.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's judgment that Mr. Tauzin suffered a compensable accident that occurred during and within the scope of employment and is entitled to supplemental earnings benefit. All costs of this appeal are assessed to appellants, Louisiana Pigment and Zurich American Insurance Company.

**AFFIRMED**.

6